ANANIA et al., Appellants,

v.

DAUBENSPECK CHIROPRACTIC et al., Appellees.

[Cite as *Anania v. Daubenspeck Chiropractic* (1998), 129 Ohio App.3d 516.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 97–CA–126.

Decided Aug. 21, 1998.

517

*Don Brezine,* for appellants.

*Joseph A. Dunn* and *Tammi J. Angle,* for appellees.

BROGAN, Judge.

In this case, plaintiffs-appellants, Roxanne Anania and Heather Ault, appeal from a decision of the Clark County Common Pleas Court granting summary judgment to defendants-appellees, G.T. Daubenspeck, D.C., Inc. and Dr. George T. Daubenspeck, D.C. (collectively, "Daubenspeck").

In their complaint, Anania and Ault alleged that while employed with Daubenspeck's chiropractic clinic, they were subjected to sexually harassing conduct from the clinic's patients. They further alleged that they complained to Daubenspeck about this conduct but that Daubenspeck refused to take corrective action to remedy the situation. Anania and Ault sought damages for hostile-work-environment sexual harassment under R.C. Chapter 4112.

On October 2, 1997, Daubenspeck moved for summary judgment, claiming, among other things, that Ohio law does not recognize a sexual harassment cause of action against an employer whose patients have sexually harassed its employees. Daubenspeck's motion for summary judgment included a certificate of service indicating that plaintiffs' attorney had been served with a copy of the motion.

On October 27, 1997, the trial court, before receiving a response from Anania and Ault and without setting a hearing date for the submission of a response, granted summary judgment to Daubenspeck. In its entry, the trial court found that Daubenspeck had no duty to control the conduct of his patients because "Ohio [c]ourts do not recognize a sexual harassment cause of action in any context other than that which includes *respondeat superior* liability." The court concluded that "under Ohio [l]aw there is no cause of action by the plaintiffs against their employer for sexual harassment * * * committed by the employer's patients."

On November 18, 1997, three weeks after the trial court granted Daubenspeck's motion for summary judgment, plaintiffs filed their memorandum opposing defendants' motion for summary judgment. In their memo, plaintiffs argued that Daubenspeck's motion should be overruled because it failed to produce

evidence to meet the summary judgment standard of Civ.R. 56. Along with this memorandum in opposition, the plaintiffs filed affidavits for Roxanne Anania and Heather Ault, but these affidavits were neither signed nor certified.

On November 25, 1997, Anania and Ault filed their notice of appeal of the trial court's October 27, 1997 entry. On appeal from this decision, Anania and Ault raise the following assignments of error:

"I. Granting of summary judgment on the principle that 'there is no cause of action by the plaintiffs against their employer for sexual harassment * * * committed by the employer's patients' is in error, being contradictory to Ohio Revised Code 4112.02(A) as further specified in O.A.C. 4112–5–05(J) and in 29 C.F.R. 1604.11.

"II. It is error for the court to have recourse to the doctrine of *respondeat superior* to grant defendant employers immunity from responsibility for sexual harassment when it is clear on the face of O.A.C. 4112–5–05(J) that elements of *respondeat superior* have already been taken into account in the drafting of the Administrative Code."

We find that the assignments of error have merit and require reversal of the trial court's judgment. The reasons underlying our decision are set forth below.

## I

In their first assignment of error, Anania and Ault argue that the trial court erred when it found that under Ohio law, an employer whose patients sexually harassed its employees cannot be held liable. They argue that this type of claim does exist under R.C. 4112.02(A) as it is further construed by the Ohio Administrative Code and the Code of Federal Regulations.

In analyzing sexual harassment claims brought under R.C. 4112.02(A), Ohio courts look "to the statute, R.C. 4112.02(A), to the administrative counterpart [Ohio Adm.Code 4112–5–05(J) ], and to federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000e *et seq.*, Title 42, U.S.Code." *Harmon v. Belcan Eng. Group, Inc.* (1997), 119 Ohio App.3d 435, 437, 695 N.E.2d 783, 785; *Retterer v. Whirlpool Corp.* (1996), 111 Ohio App.3d 847, 858, 677 N.E.2d 417, 424; and *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.3d 607, 609–610, 575 N.E.2d 1164, 1167–1168.

R.C. 4112.02 provides:

"It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the * * * sex * * * of any person, to discharge without just cause, to refuse to hire, or otherwise discriminate against

that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

The Ohio Administrative Code sets forth the Ohio Civil Rights Commission's interpretation of R.C. Chapter 4112. Ohio Adm.Code 4112–5–01. It provides the following:

"An employer may also be responsible for the acts of nonemployees (e.g., customers) with respect to sexual harassment of employees in the work place, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing these cases the commission will consider the extent of the employer's control and any other legal responsibility which the employer may have with respect to the conduct of such nonemployees." Ohio Adm.Code 4112–5–05(J)(5).

Language similar to Ohio Adm.Code 4112–5–05(J)(5) is found in the guidelines of the Equal Employment Opportunity Commission ("E.E.O.C."). Section 1604.11(e), Title 29, C.F.R.

An exhaustive search of Ohio case law reveals that Ohio courts have not been presented with the question of an employer's liability under R.C. 4112.02(A) for sexual harassment of an employee by a nonemployee, such as an employer's patient or client. However, federal courts have addressed this issue and have overwhelmingly recognized a cause of action for hostile-work-environment sexual harassment caused by a nonemployee. *E.g., Magnuson v. Peak Technical Services, Inc.* (E.D.Va.1992), 808 F.Supp. 500, 512–513 (an automobile manufacturer may be held liable for a customer's harassment of the manufacturer's employee); *Powell v. Las Vegas Hilton Corp.* (D.Nev.1992), 841 F.Supp. 1024, 1028 ("in the appropriate case, an employer could be liable for the sexual harassment of employees by nonemployees, including its customers"); and *Hallberg v. Eat 'N Park* (W.D.Pa.1996), 70 Fair Emp.Prac. Cases (BNA) 361, 367, 1996 WL 182212 (acknowledging the holding in *Powell v. Las Vegas Hilton Corp.,* but affirming summary judgment for the restaurant because the customer's sexual harassment of the waitress was not pervasive or severe enough to constitute hostile work environment sexual harassment). See, also, *Garziano v. E.I. Du Pont De Nemours & Co.* (C.A.5, 1987), 818 F.2d 380, 387 (stating that "federal law imposes a specific duty upon employers to protect the workplace and the workers from sexual harassment, including redressing known occurrences of sexual harassment"); *Whitaker v. Carney* (C.A.5, 1985), 778 F.2d 216, 221 (noting that an employer may be liable for nonemployees' harassment in the workplace); and *Wenner v. C.G. Bretting Mfg. Co.* (W.D.Wis.1995), 917 F.Supp. 640, 646–647 (considering whether a corporation is liable for a customer's sexual harassment of an employee). Moreover, the E.E.O.C. has also recognized that a sexual harass-

ment claim against an employer can exist when its customers sexually harass its employees. *EEOC Dec. No. 84–3* (1984), 34 Fair Emp.Prac. Cases (BNA) 1887, 1890, 1984 WL 23399 (holding a restaurant owner liable for the sexual harassment of a waitress by a regular customer and stating that "it is the Commission's position that an employer is responsible * * * for the sexual harassment of an employee by a non-employee where the employer fails to take corrective measures within its control once it knows or has reason to know of the non-employee's conduct").

Based on the preceding discussion, we conclude that the trial court erred in concluding that, as a matter of law, Ohio law does not recognize a cause of action for hostile work environment sexual harassment based upon the acts of a nonemployee patient. Thus, Anania and Ault's first assignment of error is sustained.

## II

■ In their second assignment of error, Anania and Ault argue that the trial court erred when it used the doctrine of *respondeat superior* as a basis for granting Daubenspeck's motion for summary judgment. In its entry, the trial court specifically found that "Ohio [c]ourts do not recognize a sexual harassment cause of action in any context other than that which includes *respondeat superior* liability."

■ There are five elements for a claim of hostile-work-environment sexual harassment brought under R.C. Chapter 4112:

"(1) the employee was a member of the protected class; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based upon sex; (4) the harassment had the purpose or effect of unreasonably interfering with the employee's work performance or creating an intimidating, hostile, or offensive work environment; and (5) the existence of *respondeat superior* liability." *Delaney v. Skyline Lodge, Inc.* (1994), 95 Ohio App.3d 264, 270, 642 N.E.2d 395, 400. Ohio courts have clarified the fifth element of the cause of action as requiring proof of the existence of *respondeat superior* by showing that "the employer knew or should have known of the harassment and failed to take remedial action." *Scandinavian Health Spa, Inc. v. Ohio Civil Rights Comm.* (1990), 64 Ohio App.3d 480, 490, 581 N.E.2d 1169, 1175–1176.

Thus, if Anania and Ault can prove that Daubenspeck knew or should have known of the harassing behavior, regardless of whether the behavior was caused by a patient or an employee, and that Daubenspeck failed to take corrective action, the fifth element of hostile-work-environment sexual harassment would be established.

Based on the foregoing, we agree with appellants' assertion that the trial court erred as a matter of law by citing the principle of *respondeat superior* as a basis for granting summary judgment to Daubenspeck. Accordingly, appellants' second assignment of error is sustained.

### III

Because we are remanding this case for further consideration, we need to address a procedural matter *sua sponte.*

Civ.R. 56 establishes the requirements for summary judgment. The Ohio Supreme Court has specifically cautioned courts to carefully adhere to the requirements of Civ.R. 56(C):

"The grant of a Civ.R. 56 motion terminates litigation without giving the opposing party the benefit of a trial on the merits. The requirements of the rule must be strictly enforced. Compliance with the terms of Civ.R. 56(C) is of fundamental importance at the trial court level, where the initial examination of the evidence occurs, and where the issues framing the litigation are shaped." *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138, 141.

Civ.R. 56 states:

"The motion [for summary judgment] shall be served at least fourteen days *before the time fixed for hearing.* The adverse party prior to the day of hearing may serve and file opposing affidavits." (Emphasis added.) Civ.R. 56(C).

From our review of the record, we cannot find any indication that the trial court set a date for hearing or that it informed the parties of when the motion would be considered submitted for decision.

We recognize that an oral hearing is not required for every summary judgment motion. Clark C.P. Loc.R. 18(1)(a); *Ashworth v. Enon* (Oct. 18, 1995), Clark App. No. 95–CA–43, unreported, 1995 WL 614345, at *2; and *Sec. Natl. Bank & Trust Co. v. Baker* (Oct. 17, 1985), Clark App. No. 2073, unreported, 1985 WL 6946, citing *Gates Mills Invest. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 164, 13 O.O.3d 191, 196, 392 N.E.2d 1316, 1322–1323. However, if the trial court does not set an oral hearing date, the trial court must give the nonmoving party notice of a date on which the motion will be deemed submitted for decision. *Manor Care Nursing & Rehab. Ctr. v. Thomas* (1997), 123 Ohio App.3d 481, 485–487, 704 N.E.2d 593, 595–596. By failing to set a submission date, the trial court failed to provide a deadline for the filing of plaintiffs' memorandum and affidavits in opposition to Daubenspeck's motion for summary judgment.

As we have stated before, "[b]ecause the granting of summary judgment is an adjudication on the merits, a non-moving party must be apprised of the time

within which he or she must respond." *Ashworth v. Enon,* 1995 WL 614345 at *3.

Based on the foregoing, upon remand, the trial court must set a hearing date for the submission of the summary judgment motion and mail notice of the date to the parties. The hearing date shall serve as the filing deadline for plaintiffs' memorandum in opposition to Daubenspeck's motion for summary judgment.

In light of the preceding discussion, the first and second assignments of error are sustained, and this case is reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF and GRADY, JJ., concur.