DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Municipal Court summary judgment in favor of David C. Reiser, defendant below and appellee herein.
Jack V. Oakley, plaintiff below and appellant herein, raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR SUMMARY JUDGMENT BASED UPON APPELLANT'S FAILURE TO FILE HIS COMPLAINT WITHIN THE REQUIRED AND PRESCRIBED TIME OF THE STATUTE OF LIMITATIONS."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN ACCEPTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT OUT OF RULE PRESCRIBED BY CIVIL RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE PAGE 40 OHIO RULES OF COURT."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THERE WERE GENUINE ISSUES AS TO MATERIAL FACTS."
Appellee/cross-appellant raises the following cross assignment of error:
 "THE TRIAL COURT VIOLATED DUE PROCESS AND COMMITTED PREJUDICIAL ERROR BY DISMISSING APPELLEE'S/CROSS-APPELLANT'S COUNTERCLAIM FOR DAMAGES AS A RESULT OF APPELLANT/CROSS-APPELLEE'S FRIVOLOUS LITIGATION WITHOUT CONDUCTING A TRIAL OR EVIDENTIARY HEARING."
Our review of the record reveals the following facts pertinent to the instant appeal. On February 16, 1999, appellant filed a complaint alleging that appellee, "an architect, failed to properly supervise workmen in the construction of a shower causing tile to come up and the floor and sides of the shower to rot from improper design." Appellee denied liability and filed a counterclaim asserting that appellant filed a frivolous lawsuit.
Appellant subsequently filed a summary judgment motion.[1] In his motion, appellant requested the trial court to find that he filed his complaint within the applicable statute of limitation. Appellant asserted that he first discovered the shower defect in the fall of 1998 and, thus, his cause of action did not accrue until 1998. Subsequently, appellant also filed a motion to amend the complaint. Appellant sought to allege that the sewer line running into the bathroom sagged and caused blockage.
On January 28, 2000, appellee filed a memorandum in opposition to appellant's summary judgment motion and a motion for summary judgment. Appellee argued that appellant did not file his complaint within the applicable statute of limitation. Appellee asserted that the shower work was completed in 1983 and that appellant failed to file his complaint within the fifteen year statute of limitations applicable to actions based upon a contract. Also on January 28, 2000, the trial court set the hearing date for appellee's "various motions" as February 2, 2000.
On February 23, 2000, the trial court denied appellant's summary judgment motion and granted appellee's summary judgment motion. Also on February 23, 2000, the trial court granted appellant's motion to amend the complaint.
We find appellant's second assignment of error dispositive of the instant appeal. In his second assignment of error, appellant argues that the trial court erred by granting appellee's motion for summary judgment. Appellant contends that in view of the fact that he received appellee's motion one day before the date set for hearing on the motion, he did not have adequate time to respond to the arguments raised in appellee's motion. Appellant notes that Civ.R. 56(C) provides that a motion for summary judgment must be served at least fourteen days before the time fixed for hearing. Moreover, appellant notes that appellee filed his motion for summary judgment only five days before the date set for hearing.
Civ.R. 56(C) requires a motion for summary judgment to be served at least fourteen days before the date set for the hearing regarding the motion. The rule states: "The motion shall be served at least fourteen days before the time fixed for hearing."
We note that Civ.R. 56 does not require a trial court to schedule an oral hearing on a motion for summary judgment. See General MotorsAcceptance Corp. v. Stratton (June 28, 1989) Highland App. No. 694, unreported (citing Gates Mills Investment Co. v. Pepper Pike (1979),59 Ohio App.2d 155, 392 N.E.2d 1316). The rule requires, however, that a trial court provide the non-moving party with at least fourteen days to respond to the motion. See, e.g., General Motors.
The Ohio Supreme Court has cautioned courts to carefully adhere to the requirements of Civ.R. 56(C). See Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360, 604 N.E.2d 138, 141. The Murphy court stated:
 "The grant of a Civ.R. 56 motion terminates litigation without giving the opposing party the benefit of a trial on the merits. The requirements of the rule must be strictly enforced. Compliance with the terms of Civ.R. 56(C) is of fundamental importance at the trial court level, where the initial examination of the evidence occurs, and where the issues framing the litigation are shaped."
Id.; see, also, Anania v. Daubenspeck Chiropractic (1998),129 Ohio App.3d 516, 718 N.E.2d 480.
In Tesco Real Estate, Inc. v. K-Y Residential, Commercial Indus.Dev. Corp. (Feb. 17, 1995), Trumbull App. No. 94-T-5093, unreported, the court discussed the consequence of a trial court's failure to strictly comply with the fourteen day notice provision of Civ.R. 56(C) as follows:
 "Since Civ.R. 56(C) mandates fourteen days' notice to permit a response or the submission of evidential materials contra, a trial court's action granting a summary judgment motion prior to the running of fourteen days from the day the motion is filed, is error, unless the record affirmatively indicates that the non-moving party, either in writing or orally on the record, agreed to proceed."
Other courts, including this court, have agreed that a trial court's failure to provide the non-moving party with fourteen days in which to respond constitutes reversible error. See Lucas v. Erlich (June 23, 1993), Lawrence App. No. 92 CA 17, unreported ("It is beyond question that the fourteen (14) day notice provision is an important requirement of Civ.R. 56 and failure to comply therewith in granting summary judgment will constitute error."); see, also, Laituri v. Nero (1998),131 Ohio App.3d 797, 803, 723 N.E.2d 119, 1123; Birchfield v. Warncke
(Mar. 25, 1996), Adams App. No. 95 CA 593, unreported; Murray v. BankOne (Dec. 13, 1994), Franklin App. No. 5576, unreported ("The intent of Civ.R. 56 would be subverted if the party opposing a summary judgment motion were not given time to respond to evidentiary material filed by the moving party."); Frey v. Stegall (Feb. 23, 1993), Athens App. No. 92CA 1544, unreported at 2-3; Hohman v. Wentsler (Jan. 31, 1990), Summit App. No. 14217, unreported. But see Wise v. Ohio Dept. of Rehab. Corr.
(1992), 84 Ohio App.3d 11, 616 N.E.2d 251; Siegler v. Batdorff (1979),63 Ohio App.2d 76, 408 N.E.2d 1383; Pytlik v. Biviano (Aug. 4, 2000), Trumbull App. No. 99-T-0157, unreported; St. Elizabeth Hosp. v. Leone
(Mar. 27, 1992), Mahoning App. No. 90 CA 183, unreported.
Thus, Civ.R. 56(C) requires that a party be given fourteen days notice in order to have an adequate opportunity to respond to a motion which may terminate the litigation. Because a trial court's decision on a summary judgment motion may terminate the litigation, the Ohio Supreme Court has implied that courts should not read the fourteen day notice provision contained in Civ.R. 56(C) as a flexible requirement. See Murphy, supra. Rather, because a trial court's decision on the motion may terminate the litigation, the adverse party must be provided with at least fourteen days to prepare his arguments and to gather evidence to rebut the motion. Tesco, supra. A failure to provide a party with fourteen days notice of the date fixed for hearing constitutes error.
In the case at bar, the trial court failed to provide appellant with fourteen days in which to respond to appellee's motion for summary judgment as Civ.R. 56(C) requires. We must, therefore, reverse the trial court's judgment.
We note that our disposition of appellant's second assignment renders appellant's remaining assignment of errors and appellee's/cross-appellant's cross-assignment of error moot. Consequently, we will not address the assignments of error and the cross-assignment of error. We further note that our holding should not be construed as a comment on the merits of the underlying claims in the casesub judice.
Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error and reverse the trial court's judgment.
It is ordered that the judgment be reversed and remanded for further proceedings and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
 ___________________________ Peter B. Abele, Judge
[1] Curiously, many of appellant's motions, including his motion for summary judgment, do not bear date and time stamps.