I respectfully dissent. As the majority stated, the moving party has the burden of showing there is an absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Defendant has not met this burden.
Specifically, defendant has not shown that it properly implemented its sexual harassment policy in response to Queener's complaints. That policy states in part,
 [a]ny supervisor or manager who becomes aware of any possible sexual harassment should immediately advise Jerry Kraig, Corporate Counsel, to insure that such harassment does not continue. All complaints of sexual harassment will be investigated in as discrete and confidential a fashion as possible. No person shall be adversely affected in employment with the Company as a result of bringing complaints of sexual harassment.
First, the evidence shows that the company's response to Queener's first complaint to her supervisor was merely to speak to the offending janitor. Nothing in the record says what was said. We know nothing of its duration, its purpose, or any information learned. Thus there is no evidence that any investigation took place as required by the company's policy. Finally, there is no evidence that the company contacted corporate counsel, a stage required by company policy. Clearly there is no evidence the company took appropriate action in response to Queener's first complaint. In fact there is insufficient evidence that the company followed its own sexual harassment policy.
An issue of material fact also exists concerning the company's response to Queener's second complaint. Queener testified at her deposition that when the human resources representative phoned her to discuss the company's planned response to the situation, the representative asked her whether she would be willing to think about trying a trial run with [the janitor] to see if there was any way that they could work it out so that I could keep my job. Queener deposition at 58. Taken in a light most favorable to Queener, as we must, this comment raises the issue of whether the company violated its policy by indicating that she would be adversely affected, that is, fired, as a result of bringing complaints of sexual harassment.
The fact that the offending party was a contractor is inconsequential. The employer in this case had as great a responsibility to intervene and stop the sexual harassment by a contractor as it would have if the harassment had been by its own employee.
 An employer may also be responsible for the acts of non[-]employees (e.g. customers) with respect to sexual harassment of employees in the work place, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action.
Anania v. Daubenspeck (1998), 129 Ohio App.3d 516, 520, quoting OAC4112-5-01. (Emphasis added.) Therefore, although the janitor was an independent contractor rather than an employee, the employer had the responsibility to protect Queener from his unwanted sexual advances.
Without knowing more, it is difficult to determine whether the action the employer took after the first report of harassment (that is, talking to the offender) was immediate and appropriate corrective action or whether the conversation between Queener and the human resources representative indeed violated the company policy. Because issues of material fact exist, I would reverse and remand.