[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from a decision of the Clinton County Court of Common Pleas, granting summary judgment to defendants-appellees, the Village of New Vienna, Scott Strider, and David Mueller, in a false imprisonment and negligent hiring action filed by plaintiffs-appellants, Walter and Carolyn Rhoads.
Appellants' first assignment of error is sustained. Civ.R. 56 does not require the trial court to hold a formal hearing on a summary judgment motion. Fisher v. Hall (Sept. 16, 1991), Butler App. No. CA90-11-225, unreported, at 4; Gates Mills Inv. Co. v. Village of Pepper Pike (1978),59 Ohio App.2d 155, 164. The decision whether or not to hold a formal hearing is left to the discretion of the trial court. Id., at 164-65. However, when the trial court decides not to hold a formal hearing on a summary judgment motion, Civ.R. 56 requires that the nonmoving party be given notice of a date on which the motion will be deemed submitted for decision. See Anania v. Daubenspeck Chiropractic (1998),129 Ohio App.3d 516, 522-23; Manor Care Nursing Rehab. Ctr. v. Thomas
(1997), 123 Ohio App.3d 481, 486. A local rule can provide the nonmoving party with this notice. Ohio Bank v. Le-Flor Enterprises, Ltd. (Nov. 2, 2001), Hancock App. No. 5-01-20, unreported; Hall v. Klien (Sept. 3, 1999), Wood App. No. WD-99-001, unreported; Sysco Food Services ofCleveland, Inc. v. Tabler-Martin Corp. (Feb. 12, 1996), Stark App. No. 1994CV0777, unreported.
In this case, appellees filed their summary judgment motion in the trial court on June 13, 2001. The motion was properly served on appellants. On September 6, 2001, after no written response had been filed by appellants, the trial court granted appellees' summary judgment motion without holding a formal hearing.
The local rule pertaining to summary judgment motions states: "Motions for Summary Judgment shall be dealt with in accordance with Ohio Civil Rule 56." Thus, the local rule did not give appellants notice of a date on which appellees' motion would be deemed submitted for decision. Additionally, the record does not reflect that the trial court informed appellants of any filing deadline with regard to a response to appellees' summary judgment motion. Therefore, the trial court erred by granting appellees' summary judgment motion because appellants were not given notice of a date on which the motion would be deemed submitted for decision, either by a local rule or the trial court itself. See Anania,129 Ohio App.3d at 522-23; Manor Care Nursing Rehab. Ctr.,123 Ohio App.3d at 486. Appellants' first assignment of error is sustained.
Appellants' second assignment of error is overruled as moot. See App.R. 12(A)(1)(c).
The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings consistent with this entry.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Stephen W. Powell, Presiding Judge, William W. Young, Judge, and Anthony Valen, Judge, concur.