OPINION.
{¶ 1} Federal Insurance Company ("Federal") appeals from a summary judgment for Liberty Mutual Insurance Company ("Liberty Mutual") which held that coverage offered by a policy of liability insurance issued by Liberty Mutual is pro rata with coverage offered under a policy of liability insurance issued by Federal.
 {¶ 2} Federal moved for summary judgment on the issue of pro rata coverage on January 10, 2003. Liberty Mutual moved for summary judgment on the same issue on January 13, 2003. The trial court granted Liberty Mutual's motion on the date it was filed.
 {¶ 3} Federal presents two assignments of error on appeal. In the first, Federal argues that the trial court erred in its determination of the issue of pro rata coverage. In its second assignment, Federal argues that the trial court erred when it granted Liberty Mutual's motion for summary judgment on the date the motion was filed, without affording Federal fourteen days in which to respond. We shall sustain the second assignment of error. Accordingly, we need not determine the first. App.R. 12(A)(1)(c).
 {¶ 4} Civ.R. 56(C) provides that a motion for summary judgment "shall be served at least fourteen days before the time fixed for hearing," and that "prior to the date of hearing the opposing party may serve and file opposing affidavits." However, the rule does not require that a hearing be held. Anania v. Daubenspeck Chiropractic (1998),129 Ohio App.3d 516. If no hearing is held, and "barring a more generous local rule, Civ.R. 56 gives a `defender' 14 days to prepare a response to the summary judgment motion." Hooten v. Safe Auto Insurance Co.,100 Ohio St.3d 8, 2003-Ohio-4829, at paragraph 20.
 {¶ 5} Mont. Loc.R. 2.05 II. B.2 provides that parties opposing any motion shall file and serve memorandum in opposition "within (14) days from the date on which the motion was served." Therefore, under the terms of the trial court's own rule, Federal had fourteen days from the date on which it was served a copy of Liberty Mutual's motion of January 13, 2003 within which to file a memorandum in opposition to the motion. A court may not act contrary to a procedure in its own local rules of court adopted pursuant to Article IV, Section 5(B) of the Ohio Constitution, when the procedure is not inconsistent with a rule promulgated by the Supreme Court.
 {¶ 6} Liberty Mutual argues that Federal was not prejudiced by the trial court's premature determination of Liberty Mutual's motion. Federal had presented arguments contra Liberty Mutual's on the same issue in support of the motion for summary judgment that Federal filed on January 10, 2003, three days before the trial court on July 13, 2003 granted Liberty Mutual's motion on the date it was filed.
 {¶ 7} This argument has some appeal. Civ.R. 56(C) affords an adverse party fourteen days within which to file "opposing affidavits." Both motions presented the same issue of law, which would be decided from the terms on the face of the two policies. It is unclear what additional affidavits might be filed or how they might better illuminate the issue. However, when a local rule affords a party time within which to file a memorandum contra, an opposing party must be afforded fourteen days within which to do that. Hooten. Further, Mont. Loc.R. II. B.2 expressly confers on the opposing party fourteen days within which to file a "memorandum in opposition," which is in form an arguendum, not a mere affidavit. Federal was entitled to file such a memorandum for the court's consideration. The trial court erred when it decided Liberty Mutual's motion when it did, which denied Federal that opportunity.
 {¶ 8} Federal's second of error is sustained. The judgment from which this appeal was taken will be reversed and the case remanded to the trial court for further proceedings.
FAIN, P.J. and YOUNG, J., concur.