OPINION
{¶ 1} Appellant Thomas L. Endslow appeals a judgment of the Delaware County Common Pleas Court, Probate Division, approving a final non-distributive account on the Estate of Mary Opal Endslow:
 {¶ 2} "THE PROBATE COURT ERRED AS MATTER OF LAW AND ABUSED ITS DISCRETION IN THE FEBRUARY 18, 1997 JUDGMENT ENTRY AND THE JUNE 16, 1999 JUDGMENT ENTRY, APPROVING THE LIKE-KIND DISTRIBUTION OF 10.020 ACRES TO ERNEST ENDSLOW AND OVER-RULING APPELLANT'S MOTION FOR RECONSIDERATION OF THE LIKE-KIND DISTRIBUTION, OR IN THE ALTERNATIVE, BY FAILING TO ORDER A REAPPRAISAL OF THE 10.02 ACRES.
 {¶ 3} "THE PROBATE COURT ERRED IN FINDING APPELLANT LIABLE FOR NINE THOUSAND DOLLARS ($9,000.00) IN RENT, WHEN APPELLEES FAILED TO SPECIFIY RENT AS AN EXCEPTION PURSUANT TO R.C. 2109.33, AND FAILED TO SUSTAIN THEIR BURDEN OF PROOF OF RENTAL VALUE.
 {¶ 4} "THE PROBATE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN THE COURT HELD IN THE JUDGMENT ENTRY OF OCTOBER 18, 1999, THAT APPELLANT SHALL PAY TO THE ESTATE ON THE SECTION 2109.50
ACTION THE PENALTY OF $2,092.76.
 {¶ 5} "AS A MATTER OF LAW, THE FAILURE TO PAY RENT IS NOT ACTIONABLE PURSUANT TO R.C. 2109.50, THEREFORE THE PROBATE COURT LACKED THE JURISDICTION TO PROCEED, AND THE JUDGMENT FOR RENT IS VOID.
 {¶ 6} "THE AGREED ENTRY OF MAY 28, 1996, AND THE DOCTRINE OF RES JUDICATA AND COLLATERAL ESTOPPEL, AS A MATTER OF LAW, PRECLUDES THE PROBATE COURT FROM AWARDING A JUDGMENT FOR PAST DUE RENT."
 {¶ 7} Mary Opal Endslow died testate on November 14, 1994. Her last will and testament was admitted to Probate on January 31, 1995. Appellant, who was the decedent's son, was appointed executor of the estate on February 7, 1995, pursuant to the terms of the will. Prior to his mother's death, appellant resided in her house, and attended to her daily dialysis treatment. At the time he was appointed as executor, he was represented by Attorney Mark Adams.
 {¶ 8} Following his mother's death, appellant remained in the residence. He eventually listed the property for sale with a realtor. During the summer of 1995, the executor and other family members, in particular his brother Ernest, had strong disagreements concerning the sale of the real estate. Attorney Adams expressed concerns about the executor's ability to prepare proper fiduciary accountings, and was discharged by appellant on September 11, 1995.
 {¶ 9} Attorney Adams filed an application for the removal of the fiduciary on September 12, 1995. On September 22, Attorney Timothy Crowley entered an appearance as counsel for appellant. On October 1995, another attorney filed a motion on behalf of two of the beneficiaries of the estate to prevent any yard or garage sales of the tangible personalty of the estate, which was sustained by the Probate Court.
 {¶ 10} The attorney for the beneficiaries filed an application to remove the executor on October 30, 1995. Following a hearing, appellant was removed as executor. The court proposed the appointment of a local attorney as a neutral administrator with the will annexed (WWA). The attorney declined, as a lawsuit was pending against the estate concerning an EPA violation on the property. EPA regulations subjected the administrator to potential personal liability. On January 29, 1996, the court appointed Jeffrey Endslow, appellant's nephew and son of his brother Ernest, as Administrator WWA. The trial court appointed a family member as fiduciary due to the potential personal liability for the EPA violation.
 {¶ 11} Appellant was displeased with the appointment of his nephew as Administrator, and failed to communicate with Attorney Crowley concerning preparation of his final fiduciary's account, and the transfer of estate assets to the Administrator. After Crowley received no response to letters and phone calls, he went to the bank and obtained a recent statement of the estate's checking account. Upon reviewing the statement, the attorney discovered three checks had been written from the estate's checking account, totaling $7,000. This occurred immediately after the hearing appointing the new Administrator. Appellant was subsequently indicted and tried on two felony charges arising out of the unauthorized taking of $7,000. He was convicted, and sentenced to a term of incarceration.
 {¶ 12} Thereafter, Attorney Crowley withdrew as counsel of record for appellant. On March 13, 1996, appellant appeared before the Probate Court for failure to file his final account. The court found him in contempt, assessed a civil fine, and incarcerated him until his release was obtained by court-appointed counsel. With the help of a court-appointed attorney, appellant filed a proper accounting on March 21, 1996.
 {¶ 13} The heirs and the Administrator WWA filed exceptions to appellant's final accounting. They claimed appellant did not account for personal bills he incurred and charged to the estate while living on the decedent's property, cash expenditures by him while he was Executor of the estate, and bank account and rental income. In January and February of 1997, several agreed journal entries were filed by all parties as to construction of the will, power to sell property, fraudulent transfer, and the value of the distribution of ten acres of real property to Ernest Endslow.
 {¶ 14} In January of 1998, following eighteen months of litigation, the court found that appellant owed the estate $9,000 in back rent. The court further found him responsible for $20,927.67 in charges to the estate.
 {¶ 15} On February 24, 1998, the Administrator filed a fiduciary's account. Appellant filed objections to the account, first claiming that the account failed to account for all rental income received by the Administrator, and second, that certain disbursements for home improvements were not required for the estate or not performed for the estate. He later withdrew all objections.
 {¶ 16} Attorney John Leibold entered the case on June 29, 1998, representing appellant. In November of 1998, appellant filed a document entitled "motions," in which he sought reconsideration of the judgment approving the sale of the ten acres of real estate as an in-kind distribution to Ernest Endslow, challenged the judgment which charged appellant with financial responsibility to the estate, sought leave to re-file exceptions to the account, and moved to award reasonable executor fees to appellant. The court overruled all motions.
 {¶ 17} Appellant appealed the judgment overruling those motions, which was dismissed by this court on April 12, 2000, as it was not a final appealable order.
 {¶ 18} The Probate Court sua sponte raised the issue of whether appellant and Attorney Leibold committed frivolous conduct. The court found frivolous conduct on behalf of both parties, and ordered them to pay attorney fees to the estate in the amount of $9678.50. Appellant was further ordered to pay $2092.76 to the estate as penalty for concealing assets. This judgment was appealed by both appellant and Attorney Leibold. We remanded the case to the Probate Court for a hearing on the issue of attorney fees. On March 7, 2001, the parties filed an agreed judgment entry, settling the frivolous conduct claim for $1500.
 {¶ 19} On June 24, 2002, the Administrator filed a final non-distributive account. On July 16, 2002, appellant filed exceptions to the account, and moved the court to adjust the amount due the estate from appellant relative to the concealment case, to reflect money appellant had restored to the estate. The court sustained these objections, and reduced the amount of the judgment and penalty to reflect such payments. The court approved the final account in all other respects, and affirmed all prior orders of the court. Appellant now appeals the issues of the in-kind distribution of real estate to Ernest Endslow, the judgment entry against him concerning rent due to the estate, and the penalty assessed against him for concealment of assets.
 I {¶ 20} In his first assignment of error, appellant argues that the court erred in overruling his motion to reconsider the in-kind distribution of ten acres of real estate to Ernest Endslow. Appellant argues that the distribution, made by Ernest's son as Administrator of the estate, constituted self-dealing. In the alternative, he argues that the court should have conducted a re-appraisal of the property.
 {¶ 21} R.C. 2113. 55 provides that before making distribution in-kind of property which is not specifically bequeathed, the Administrator shall obtain the approval of the court or consent of all the legatees whose interest may be affected by the distribution. In the instant case, on January 17, 1997, the Administrator filed an application for instructions, specifically requesting whether to distribute real property consisting of ten acres to Ernest Endslow in-kind in accordance with his application, and asking for a determination of the value to be assigned to said distribution. Following a hearing, the court allowed the in-kind distribution, assigning a value of $20,040. Judgment Entry, February 18, 1997.
 {¶ 22} Appellant filed his motion to reconsider the approval of the in-kind distribution, on November 12, 1998. Appellant submitted evidence that in early 1999, the value of the property was $55,000, which was grossly disproportionate to the value assigned by the court.
 {¶ 23} Appellant failed to object for nearly two years following the approval of the in-kind distribution by the court. Further, appellant relied on a valuation of the property conducted nearly two years after the property was transferred. Appellant produced no evidence of self-dealing or fraud at the time of the transfer. Appellant also signed a general consent to give the administrator the power to sell real estate. The record does not reflect that in February of 1997, the court erred in approving the in-kind distribution and assigning a value of approximately $20,000.
 {¶ 24} The first assignment of error is overruled.
 II {¶ 25} Appellant argues that the court erred in finding him liable to the estate for $9,000 in rent, when appellees failed to specify rent as an exception pursuant to R.C. 2109.33, and failed to sustain the burden of proof concerning rental value.
 {¶ 26} On February 15, 1996, Jeffrey Endslow, as Administrator WWA, filed a motion seeking possession of the residence, and ordering appellant, his wife, and his son out of the house. In an affidavit attached to the motion, the Administrator alleged that no rent had been received for occupancy, nor had there been an agreement to rent the home to appellant and his family. The affidavit further alleged that appellant terminated water service to the residential trailers located on the decedent's farm, which the estate was renting. He further alleged that appellant or his family discontinued or interrupted electric service to the trailer rentals, causing difficulty in conducting the estate's business.
 {¶ 27} At the hearing on the exceptions to the accounting, held on January 14, 1998, the attorney for the estate raised the issue of rent. The estate claimed that from the date of death until appellant was removed from the property, the estate was entitled to rent, as it provided housing for appellant and his family for approximately eighteen months. The estate argued that it should net to around $500 per month.
 {¶ 28} Counsel for appellant did not argue that appellant was not placed on notice of the issue of rent by the failure to specifically file an exception to the account, nor did counsel challenge the value. Rather, appellant argued that appellant's presence on the property was of benefit to the estate, as he was caring for the property, and providing security. Tr. 9. Appellant argued that he should not be charged rent because he was security for the property and was paying utilities, or that any rent he was charged with should be credited against the Executor's fee, which he had not yet received. Having failed to specifically challenge the rental value of the property and the failure to specifically file an exception to the account concerning rent, appellant has waived the right to later challenge these issues. Appellant has not demonstrated error in ordering him to pay rent in the amount of $9,000.
 {¶ 29} The second assignment of error is overruled.
 III {¶ 30} In his third assignment of error, appellant argues that the court erred in ordering a penalty against him for concealment of assets, when the court failed to allow him to testify under oath concerning the allegations, pursuant to R.C. 2109.50 and R.C. 2109.52.
 {¶ 31} At the January 14, 1998 hearing, counsel for appellant represented to the court that appellant would like an opportunity under oath to tell the court that the items were in the house when he left. Tr. 15. Counsel then stated on the record that the parties would stipulate that if appellant would testify, what he would say is that the items listed on the Administrator's list of 63 items, with the exception of the candle snifter, were in the house when he left, and he did not take them with him. He also would testify that the oak wall telephone was not in the house, but was at counsel's office. Counsel then represented that they would not offer any other evidence or testimony. Having stipulated to a proffer of appellant's testimony, appellant cannot now claim that he was denied the opportunity to testify under oath. Appellant was given an opportunity to testify, and instead, chose to have counsel represent to the court what he would say if called to testify. Appellant has waived any claim that the court erred in not taking his testimony.
 {¶ 32} The third assignment of error is overruled.
 IV {¶ 33} Appellant argues that the court lacked jurisdiction to consider the claim for past due rent. Appellant argues that the hearing on January 14, 1998, was a hearing concerning the concealment proceedings pursuant to R.C. 2109.50. Appellant argues that a concealment action is not a separate civil action to recover money owing to the estate, and as a matter of law, the failure to pay rent was not actionable at the hearing conducted under this statute.
 {¶ 34} The hearing before the court on January 14, 1998, was a hearing dealing with the exceptions to the accounts, and numerous issues before the court at that time. As discussed in Assignment of Error II, the issue of appellant's presence on the property without paying rent was raised in pleadings to the court concerning the eviction of appellant and his family from the premises. As the hearing was not solely a hearing on the concealment proceedings pursuant to R.C. 2109.50, the claim for rent was properly before the court on the date in question.
 {¶ 35} The fourth assignment of error is overruled.
 V {¶ 36} Appellant argues that the agreed entry on the forcible entry and detainer proceeding barred any claim for rent by the doctrineres judicata.
 {¶ 37} The agreed entry, filed May 28, 1996, states that the parties reached an agreement as to all matters brought before the court including restitution of the premises. The agreed entry stated that appellant and his family must leave the premises no later than June 15, 1996. The agreement was silent on the issue of rent.
 {¶ 38} Appellant failed to raise a claim of res judicata in the trial court. Res judicata must be raised by affirmative defense, or by motion for summary judgment. E.g., State ex rel. Freeman v. Morris
(1991), 65 Ohio St.3d 458. In the hearing concerning rent, held January 14, 1998, appellant failed to argue that the issue of rent was barred by the previous agreed entry concerning the forcible entry and detainer proceeding. Further, the complaint for forcible entry and detainer, filed by the estate in the Delaware Municipal Court and later transferred to the Probate Court, requested only restitution of the premises, and did not specifically set forth a claim for rent. The complaint merely generally alleged that appellant and his family were living on the property without a rental agreement or without paying rent for use and occupancy of the premises. Appellant cannot claim for first time on appeal that the settlement of this action bars the estate's later claim for rent under the doctrine of res judicata.
 {¶ 39} The fifth assignment of error is overruled.
 {¶ 40} The judgment of the Delaware County Common Pleas Court, Probate Division, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.