THE STATE EX REL. FREEMAN, APPELLANT, *v.*
MORRIS [TATE], WARDEN, APPELLEE.

[Cite as *State ex rel. Freeman v. Morris* (1992), 65 Ohio St.3d 458.]

(No. 92-994—Submitted October 13, 1992,—Decided December 11, 1992.)

*Jerome Blair Freeman*, pro se.

*Lee I. Fisher*, Attorney General, and *Michael J. Harmon*, Assistant Attorney General, for appellee.

---

*Per Curiam.* The judgment of the court of appeals is affirmed.

On appeal, appellant raises three procedural issues:

(1) that not all of his claims have been determined, (2) that he was not given notice of a hearing date for resolution of appellee's motion for summary judgment, and (3) that his request for attorney fees was disregarded.

### Claims

Appellant first contends that our prior decision in *State ex rel. Freeman v. Morris, supra,* did not resolve his claim for release on the merits. We agree. However, the court of appeals' decision to grant appellee's motion for summary judgment, which we affirm today, did decide the claim.

Next, appellant argues that his request for a writ of habeas corpus was not considered. The record discloses that on April 13, 1990, appellant filed a document entitled "APPLICATION FOR A WRIT OF HABEAS CORPUS FOR DISCHARGE TO ATTEND COURT IN MANDAMUS PROCEEDINGS PENDING DEFAULT." To the extent that this "application" may be considered still pending on remand, we hold that the court of appeals' denial of all appellant's outstanding motions by entry of April 14, 1992 disposed of the

application. To the extent that appellant may be referring to a motion he filed on March 18, 1992, to consolidate actions involving writs of habeas corpus, that motion was also denied by the court of appeals' entry of April 14, 1992.

Next, relator contends that none of the court of appeals' entries dealt with his request for an injunction. The record discloses that on February 14, 1990, appellant filed a "MOTION FOR INJUNCTIVE RELIEF FROM CORRUPT ACTIVITY." To the extent that the motion could be construed to survive the appeal to and remand from this court, we hold that the court of appeals' entry of April 14, 1992 denied the motion.

Next, appellant argues that the court of appeals did not rule on his motion for default judgment, but instead permitted appellee to file an untimely response. The record discloses that, on March 2, 1990, appellant filed an "AFFIDAVIT AND MOTION FOR ENTRY OF DEFAULT JUDGMENT." Appellee received service of summons on February 6, 1990, and served his motion to dismiss on appellant on March 2, 1990, within the time allowed to file an answer.[1] On March 27, 1990, the court of appeals dismissed all of appellant's outstanding motions. Accordingly, the motion was properly dismissed.

### Notice and Motion for Summary Judgment

Appellant argues that he was entitled to receive notice of the time fixed for hearing of appellee's motion for summary judgment. Civ.R. 56(C) provides that "the motion [for summary judgment] shall be served at least fourteen days before the time fixed for hearing." The record shows that appellee mailed a copy of the motion of summary judgment to appellant on January 28, 1992; that appellant served his reply to the motion on February 3, 1992; that appellant's reply to the motion was filed in the court on March 11, 1992; and that the court granted the motion on March 13, 1992. Thus, appellant was served with a copy of the motion more than fourteen days before the date on which the court issued its entry granting the motion. Moreover, the basis for appellant's contention is *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285, in which the court held at paragraph two of the syllabus that "[a] court must notify all parties that it has converted a motion to dismiss for failure to state a claim into a motion for summary judgment 'at least fourteen days before the time fixed for hearing.' * * *" Here, there was no conversion of a motion to dismiss, and appellant had notice of the motion for summary judgment from the moment he received it, which apparently came

---

1. In *State ex rel. Freeman v. Morris, supra,* we stated that appellee's motion to dismiss was filed untimely. Upon reexamination of the record, we find that the motion was timely filed.

between January 28, 1992, when it was mailed, and February 3, 1992, when appellant mailed his reply to it. Appellant was not entitled to further notice.

## Attorney Fees

Appellant contends he should have been granted attorney fees under R.C. 2335.39 for his appeal in *State ex rel. Freeman v. Morris, supra.* R.C. 2335.39 provides an opportunity for the prevailing eligible party to recover attorney fees under certain circumstances when the state is also a party to a civil action. On remand of this case, the court of appeals held, on January 22, 1992, that any motion for attorney fees was premature. Then, on April 14, 1992, it denied all of appellant's outstanding motions, including the motion for attorney fees.

First, although appellant prevailed on a procedural issue in *State ex rel. Freeman v. Morris, supra,* we hold that he is not the "prevailing eligible party" within the meaning of R.C. 2335.39. Moreover, we have held in connection with R.C. 149.43, the Public Records Act, that *pro se* litigants are not entitled to attorney fees. *State ex rel. Fant v. Mengel* (1991), 62 Ohio St.3d 197, 580 N.E.2d 1085. We apply the same rule to R.C. 2335.39. Accordingly, appellant was not entitled to recover attorney fees under R.C. 2335.39.

Finally, during the pendency of this appeal, appellant filed a motion for a temporary restraining order and preliminary injunction. This motion appears to have been merely an alternative attempt to attack the court of appeals' decision on the merits. In any case, the motion is denied and the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.