HOOTEN, APPELLEE, *v.* SAFE AUTO INSURANCE COMPANY, APPELLANT.

[Cite as *Hooten v. Safe Auto Ins. Co.,*
100 Ohio St.3d 8, 2003-Ohio-4829.]

(No. 2002–1349—Submitted May 14, 2003—Decided September 24, 2003.)

ALICE ROBIE RESNICK, J.

{¶ 1} This case addresses whether local rules of court can adequately provide parties with notice of the deadline for filing a response to a motion for summary judgment or of the date the trial court will consider such motion.

I

Facts and Procedural History

{¶ 2} On May 21, 1998, plaintiff-appellee, Henry L. Hooten, filed a complaint against defendant-appellant, Safe Auto Insurance Company ("Safe Auto"), in Hamilton County Common Pleas Court. Hooten alleged that Safe Auto had improperly refused payment under an auto insurance policy between Hooten and Safe Auto for a 1997 accident. Safe Auto answered that the policy excluded coverage when a vehicle's operator was without a "valid driver's license or without driving privileges" at the time of an accident and that Hooten was operating his vehicle without a valid license or driving privileges when his accident occurred.

{¶ 3} Safe Auto's assertions related to a conviction that Hooten had received in 1996 for driving under the influence of alcohol, a resulting suspension of his driver's license, his subsequent receipt of occupational driving privileges condi-

tioned on his use of an ignition-interlock device, and alleged irregularities within that series of events that Safe Auto claimed had caused the driver's license to be invalid at the time of the accident. Pursuant to Civ.R. 56, Safe Auto sought summary judgment, and the trial court granted its motion for summary judgment on August 16, 1999.

{¶ 4} Hooten appealed that decision to the Court of Appeals for Hamilton County, which, on May 19, 2000, reversed the judgment of the trial court and remanded the matter for further proceedings, finding that an issue of fact existed as to whether Hooten had had a valid driver's license when he was involved in the accident.

{¶ 5} On remand, the case was assigned to a different trial judge, and shortly thereafter, to a third judge. On December 28, 2000, Hooten filed a motion for summary judgment, to which Safe Auto responded on January 16, 2001. At a hearing on April 4, 2001, which primarily involved the parties' discovery disputes, the trial court denied Hooten's motion for summary judgment. The trial court expressed dissatisfaction with the progress of the case and denied Hooten's request for a continuance. On April 26, 2001, Safe Auto took Hooten's deposition for the first time in the litigation, earlier attempts having been unsuccessful. On May 3, 2001, Safe Auto moved for leave to file a new motion for summary judgment. Hooten filed no opposition to the motion for leave, and on June 4, 2001, the trial court granted leave to Safe Auto to file its motion.

{¶ 6} Safe Auto filed its motion for summary judgment on July 9, 2001. Within this motion, Safe Auto contended that because Hooten's driver's license had been suspended at the time of the accident and no reinstatement fee had been paid, Hooten did not hold a valid driver's license in 1997. Consequently, Safe Auto asserted, it had justifiably denied Hooten's claim.

{¶ 7} On July 20, 2001, Hooten moved, pursuant to Civ.R. 56(F), to continue the trial court's hearing of the summary judgment motion pending further discovery. Hooten did not request an oral hearing on the summary judgment motion and gave no indication of an intention to file any response to Safe Auto's motion. On August 9, 2001, the trial court granted Safe Auto's motion for summary judgment and denied Hooten's motion for a Civ.R. 56(F) continuance.

{¶ 8} Hooten appealed the grant of summary judgment against him to the First District Court of Appeals, arguing, inter alia, that the trial court had erred by never setting a date for a hearing on or submission of Safe Auto's motion for summary judgment. The court of appeals reversed and remanded for further proceedings, finding that the trial court had erred by not setting a hearing date. In the decision, considered on an accelerated calendar and with little analysis, the court of appeals cited several of its previous decisions as support for its position. Because the court of appeals reversed the grant of summary judgment as

procedurally flawed, the court did not consider Hooten's substantive argument on the merits.

{¶ 9} This case comes to us by way of a certified conflict between the judgment of the First District Court of Appeals and a decision of the Sixth District Court of Appeals in *Hall v. Klien* (Sept. 3, 1999), Wood App. No. WD–99–001, 1999 WL 682584, on the following issue: "Must a trial court, before ruling on a motion for summary judgment under Civ.R. 56, either set an oral or non-oral hearing date or establish a cut-off date for parties to submit affidavits or materials opposing the motion?"[1]  The cause is now before this court upon our finding that a conflict exists.

## II
### Summary Judgment Procedural Considerations

{¶ 10} In supporting its view of the certified issue, Safe Auto argues that a trial court need not set a date for consideration of a summary judgment motion or establish deadlines for parties' briefs and Civ.R. 56 materials when a local court rule clearly does so.  Loc.R. 14(B) of the Court of Common Pleas of Hamilton County provides that a memorandum in opposition to any motion, including one for summary judgment, "shall be served upon movant's trial attorney within ten days from the date the memorandum in support of the motion and proof of service thereof, was served.  Failure to serve and file a memorandum contra may be cause for the Court to grant the motion as served and filed."

{¶ 11} The court of appeals acknowledged the existence of Loc.R. 14(B), but found that it does not dispense with the requirement that a trial court inform the parties of either a hearing date or a deadline for submitting materials.  The court of appeals' decision in this regard generally conflicts with decisions of several other appellate districts.

{¶ 12} Before proceeding to the certified issue, we first consider case law relevant to Civ.R. 56 and summary judgment motion practice.  Civ.R. 56(C) provides that a summary judgment motion "shall be served at least fourteen days before the time fixed for hearing.  The adverse party, prior to the day of hearing, may serve and file opposing affidavits."  Civ.R. 56(C) then lists the standards by which to determine the merits of the motion and also lists the materials that the trial court will consider in making its determination.

{¶ 13} Although Civ.R. 56(C) sets out the procedure by which summary judgments are issued, the rule's requirements are general.  Case law and local

---

1. A "nonoral hearing" may include "as little as the submission of memoranda and evidentiary materials for the court's consideration."  *Brown v. Akron Beacon Journal Publishing Co.* (1991), 81 Ohio App.3d 135, 139, 610 N.E.2d 507.

rules of court have delineated additional procedures, which can vary significantly depending on the jurisdiction. For example, the Hamilton County Court of Appeals requires that trial courts set hearing and submission dates, while many other appellate districts do not.

{¶ 14} On the other hand, there is consensus on many aspects of the procedural requirements of summary judgment. Ohio's appellate courts uniformly agree that a trial court is not required to schedule an oral hearing on every motion for summary judgment. See, e.g., *Manor Care Nursing & Rehab. Ctr. v. Thomas* (1997), 123 Ohio App.3d 481, 486, 704 N.E.2d 593, from the First District Court of Appeals, and *Anania v. Daubenspeck Chiropractic* (1998), 129 Ohio App.3d 516, 522, 718 N.E.2d 480, from the Second District Court of Appeals. The "hearing" contemplated by Civ.R. 56(C) may be either a formal, oral hearing (in which the trial court entertains oral arguments from counsel on a scheduled date preceded by the parties' filings of memoranda and Civ.R. 56 evidentiary materials) or a "nonoral," informal one. *Brown v. Akron Beacon Journal Publishing Co.* (1991), 81 Ohio App.3d 135, 139, 610 N.E.2d 507; *Wise v. Ohio Dept. of Rehab. & Corr.* (1992), 84 Ohio App.3d 11, 15, 616 N.E.2d 251. Whether to grant a party's request for oral hearing is a decision within the trial court's discretion. *Doe v. Beach House Dev. Co.* (2000), 136 Ohio App.3d 573, 582, 737 N.E.2d 141; *Potter v. Troy* (1992), 78 Ohio App.3d 372, 378, 604 N.E.2d 828; *Gates Mills Invest. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 164, 13 O.O.3d 191, 392 N.E.2d 1316.

{¶ 15} Many of the above considerations regarding oral argument are incorporated into the Local Rules of the Hamilton County Court of Common Pleas, which instruct that "motions in civil cases" will not "be set for oral argument" unless certain procedures are followed. Loc.R. 14(C)(1)(a) and (b). The local rules further allow the trial judge, upon receipt of a request for oral argument, to "make whatever disposition the judge feels is proper" or to "set the matter for oral argument." Loc.R. 14(C)(2). In addition, Loc.R. 14(C)(4) provides, "If no request for oral argument is made by any interested party within ten days after the filing of such motion, the motion shall be considered by the assigned judge for decision." These rules are typical of local rules addressing the scheduling of oral arguments and appear generally to be consistent with Civ.R. 7(B)(2): "To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." See, also, Fed.R.Civ.P. 78, which contains identical wording.

{¶ 16} Federal courts take the same general view of the hearing requirements of Fed.R.Civ.P. 56. See Annotation, Necessity of Oral Argument on Motion for Summary Judgment (1991), 105 A.L.R.Fed. 755, 761, Section 3 (generally, oral argument is not a requirement for a summary judgment "hearing"). Ohio's

Civ.R. 56 is based upon the federal rule, and so the two are similar. See 1970 Staff Notes to Civ.R. 56. The most notable difference for our purposes is that Fed.R.Civ.P. 56(c) requires that a motion for summary judgment be served "at least 10 days" before the hearing, rather than the 14 days provided for in Civ.R. 56(C).

{¶ 17} Most Ohio appellate courts agree that when a trial court does not hold an oral hearing on a summary judgment motion, Civ.R. 56 requires, as a matter of due process, that the nonmoving party receive notice of the deadline date for the opposing party's response to the summary judgment motion or of the date on which the motion is deemed submitted for decision. See, e.g., *Anania*, 129 Ohio App.3d at 522–523, 718 N.E.2d 480; *Manor Care*, 123 Ohio App.3d at 486–487, 704 N.E.2d 593; *Rhoads v. New Vienna* (Mar. 25, 2002), 12th Dist. No. CA2001-10-0333, 2002 WL 450728; *Sysco Food Serv. of Cleveland, Inc. v. Tabler–Martin Corp.* (Feb. 12, 1996), 5th Dist. No. 95–CA–0308, 1996 WL 132227.

{¶ 18} These courts reason that Civ.R. 56 itself provides no specific deadline for the filing of a response to a motion for summary judgment, and so the notice does not come from the provisions of that rule. Civ.R. 56(C)'s only relevant instructions are that the motion be served at least 14 days before the hearing is held and that opposing affidavits may be filed up to the day before the hearing.

{¶ 19} Some of the difficulties in interpreting the requirements preceding the "hearing" envisioned in Civ.R. 56(C) are engendered by the failure of that rule to provide a point of reference for the "fixed" hearing it refers to. If the trial court conducts an oral hearing on a motion for summary judgment, it must notify the parties of the hearing date so that all parties are aware of deadlines for filing briefs and Civ.R. 56 materials. However, most summary judgment rulings are reached without oral argument. When a trial court decides a motion for summary judgment without oral hearing, nothing in Civ.R. 56 pinpoints the deadlines.

{¶ 20} We are aware that some courts have found that Civ.R. 56(C) *itself* provides the parties with sufficient notice of the submission date because it states that the matter may be deemed submitted 14 days after the summary judgment motion is served. See, e.g., *Hudak v. Valleyaire Golf Club, Inc.* (Nov. 22, 2000), 9th Dist. No. 3010–M, 2000 WL 1732401 (notice requirement of Civ.R. 56[C] is satisfied by service of motion for summary judgment upon opposing party). See, also, 2 Klein & Darling, Baldwin's Ohio Practice, Civil Practice (1997) 568–569, Section AT 56–17 (Civ.R. 56 "makes no provision for the case in which no hearing of any kind is scheduled or held." However, barring a more generous local rule, Civ.R. 56 gives a "defender" 14 days to prepare a response to the summary judgment motion).

{¶ 21} We recognize that our decisions provide some support for this position. See, for example, *State ex rel. Freeman v. Morris* (1992), 65 Ohio St.3d 458, 460–461, 605 N.E.2d 27 ("appellant had notice of the motion for summary judgment from the moment he received it * * * [and] was not entitled to further notice"), and *State ex rel. The V. Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 472, 692 N.E.2d 198 (court "was not required to give [appellant] fourteen days notice of date it would rule on the * * * summary judgment motion").

{¶ 22} We find, however, that *Freeman* and *The V. Cos.* are distinguishable from this case and so confine the above statements to the specific facts of each case. In those cases, the nonmoving party had filed a response to the motion for summary judgment. See *Freeman*, 65 Ohio St.3d at 460, 605 N.E.2d 27; *The V. Cos.*, 81 Ohio St.3d at 471, 692 N.E.2d 198. We therefore determine that those decisions are not dispositive of the precise issues we encounter here. Although we acknowledge that Civ.R. 56(C) anticipates a cutoff date for a response to a motion for summary judgment, we determine that the rule is not sufficiently explicit to apprise the parties of that date. Notice must come from some other source or sources.

{¶ 23} Obviously, if the trial court does set an explicit hearing date for the summary judgment motion, it succeeds in providing the requisite notice. Likewise, if the trial court sets explicit cutoff dates for the parties to file briefs and Civ.R. 56 materials, it succeeds in putting the parties on notice of the date that the motion will be ripe for decision. This case centers on whether there is another way that the required notice can be provided—specifically through a local rule of court.[2]

## III

### Can a Local Rule of Court Provide the Requisite Notice?

{¶ 24} The specific point of disagreement among this state's appellate courts is whether a local rule of court can provide notice to the parties of the hearing date or date of submission. If notice cannot come from a local rule, then the trial court must provide notice of the hearing date in some form so that all affidavits are filed and served by the day before that date, or at least provide a deadline

---

2. Many Ohio appellate courts apparently agree that a general case-management scheduling order can provide the requisite notice in the appropriate situation. See *Hall v. Klien*, Wood App. No. WD–99–001, 1999 WL 682584; *Davis v. Pelfrey* (June 15, 1987), 12th Dist. No. CA–86–11–021, 1987 WL 12734. Research has revealed no decisions from the First District on this precise issue. However, from the absolute nature of its decisions on the issue in this case, it appears that the First District would agree with this position only if the relevant scheduling order was so unambiguous that it unmistakably provided notice of the actual hearing date or actual cutoff date for submission of Civ.R. 56 materials.

date when all memoranda and Civ.R. 56 material must be submitted. See Civ.R. 56(C). The day after that date effectively becomes the earliest possible hearing date in that circumstance, subject to Civ.R. 56(C)'s requirement that at least 14 days have elapsed after the motion is served.

{¶ 25} As illustrated by its decision in this case, the First District Court of Appeals has consistently taken the view that Civ.R. 56(C) requires a trial court either to set a firm date for a hearing or a firm date for submission of affidavits and other Civ.R. 56 evidentiary materials before the court may rule on a motion for summary judgment, notwithstanding any local rule. See, e.g., *Griffith v. Wackenhut Corp.* (July 6, 1988), Hamilton App. No. C–870836, 1988 WL 71609 ("a fair reading of Civ.R. 56[C] appears to require a hearing or a date of submission; otherwise no obligation would devolve on parties opposing summary judgment to serve and file their opposing affidavits"); *Estep v. Insignia Mgt. Co.* (Mar. 26, 1997), Hamilton App. No. C–960092, 1997 WL 133441 ("In *Griffith*, we held that, notwithstanding Loc.R. 14[B] of the Hamilton County Court of Common Pleas, which is the analog of Loc.R. V[4] of the [Hamilton County] Municipal Court, the trial court, before determining a summary judgment motion, is required to set either a date for hearing or a date of submission"); *Manor Care*, supra, 123 Ohio App.3d at 486, 704 N.E.2d 593 ("We do not see how a party can be cognizant of when it must file affidavits in opposition to a motion for summary judgment if a hearing on the motion is conducted without proper notice"; Loc.R. 14[B] pertains only to memoranda and not to affidavits); *Hyman v. McGraw* (Dec. 10, 1999), Hamilton App. No. C–990013, 1999 WL 1127295 ("In accordance with our prior cases, * * * we hold that, in the absence of a hearing date or a date of submission, the trial court erred in deciding the motion for summary judgment on the merits"); *Birkenheuer v. Black & Decker (U.S.), Inc.* (Dec. 19, 2001), Hamilton App. No. C–010442, 2001 WL 1887703 (affirming "bright-line rule" that notice before ruling on summary judgment motion is required "even where it appears that there is only a remote possibility that such notice will affect the outcome of the case").

{¶ 26} The First District Court of Appeals is not alone in its view. In *Laituri v. Nero* (1999), 131 Ohio App.3d 797, 802–803, 723 N.E.2d 1119, the Eleventh District Court of Appeals found that Civ.R. 56(C) implicitly requires a trial court to set a hearing date for its consideration of a summary judgment motion and thereby to give written notice to the parties of the date on which the response to the motion is due. The court found a local rule allowing a trial court to consider a motion for summary judgment 20 days after the filing of the motion unenforceable because it allowed the court to grant summary judgment without providing the requisite 14 days' notice of the hearing date. Id. at 802, 723 N.E.2d 1119. See, also, from the Tenth District Court of Appeals, *Wise v. Ohio Dept. of Rehab. & Corr.*, 84 Ohio App.3d at 15, 616 N.E.2d 251 ("actual notice in writing of the

day fixed for the hearing, whether oral or non-oral, must be given to the non-moving party at least fourteen days prior to the day fixed for the hearing and no local rule can dispense with this requirement"). But, see, *Hayes v. Murtha* (Oct. 10, 1996), 10th Dist. No. 96APE04–512, 1996 WL 589268 (finding, without distinguishing or citing *Wise*, that local rules setting date for hearing of motion for summary judgment and time limit for filing response were effective in giving party opposing motion notice of hearing date and of deadline for filing memorandum and Civ.R. 56[C] material).

{¶ 27} A majority of districts that have considered this question take a different view from that taken by the First District in this case. The Second, Third, Fourth, Sixth, Eighth, Ninth, and Twelfth Districts (as well as the Tenth District, as qualified above), have found that a local rule of court can notify the parties that a motion for summary judgment may be entertained by a specific date. In *Hall v. Klien*, 6th Dist. No. WD–99–001, 1999 WL 682584, the case certified as in conflict with this case, the Sixth District Court of Appeals held that the relevant local rule (providing that responses to motions, including those for summary judgment, are to be filed within 14 days after service of the motion) was sufficient to provide notice of the deadlines for filing a response and supporting Civ.R. 56 materials to oppose the motion for summary judgment. The *Hall* court specifically rejected the "cumbersome approach" adopted by the First and Eleventh Districts requiring the trial court to give written notice of the date for the nonoral hearing even if a local rule sets a deadline for the filing of a response or sets the date for consideration of the motion.

{¶ 28} There are many variations of local rules regarding the filing of responses to motions for summary judgment and the date on which the motions will be deemed submitted or when the hearing may be held. Cases in which courts have found such local rules sufficient to notify parties that a decision on a motion for summary judgment is imminent include *Slack v. Burton* (June 9, 2000), 2d Dist. No. 99 CA 42, 2000 WL 731696 (local rule gave party opposing motion for summary judgment 14 days after filing of motion to respond and also provided that motion is deemed submitted on 21st day after its filing); *Cowen v. Lucas* (June 30, 1997), 4th Dist. No. 96CA2456, 1997 WL 362013; *Novosel v. Gusto, Inc.* (Dec. 3, 1998), 8th Dist. No. 73575, 1998 WL 842135 (local rule giving party opposing motion for summary judgment 30 days after service of the motion to file response sufficient to put parties on notice that motion may be ruled on after 33 days have passed, if motion was served by mail); *Brown*, 81 Ohio App.3d at 138–139, 610 N.E.2d 507 (local rule gave party opposing motion for summary judgment 10 days after receipt of motion to respond and also provided that motion may be ruled on any time after 14 days of its filing); *Chestnut Ridge Dev. Co. v. Ohio Bar Title Ins. Co.* (Jan. 31, 1996), 9th Dist. No. 95CA006129, 1996 WL 37755 (local rule provided that briefs opposing motions are to be filed within 14

days after filing of the motion and that court will rule on motion at that time if no oral hearing is set).

{¶ 29} In addition, other courts have recognized that local rules of court can provide notice of the deadline to file a response to a motion for summary judgment, even though no adequate local rule existed in the county from which the appeal originated. See, e.g., *Ohio Bank v. Le–Flor Ent., Ltd.* (Nov. 2, 2001), 3d Dist. No. 5–01–20, 2001 WL 1354413; *Rhoads v. New Vienna*, supra, 12th Dist. No. CA2001–10–0333 (local rule providing simply that "Motions for Summary Judgment shall be dealt with in accordance with Ohio Civil Rule 56" not sufficient to give notice). The feature common to all of the cases in which courts have found a local rule sufficient to provide the parties notice of the summary judgment submission date is that the relevant local rule was determined to complement Civ.R. 56's basic structure and not to contradict it.

{¶ 30} In an appellate district made up of only one county (i.e., the First District, from which this appeal originates, as well as the Eighth and Tenth Appellate Districts), considering the impact of local rules generally requires a reviewing court of appeals to focus on only the rules adopted in that county, with the result that there is no need to have a different view of what is required by local rules depending on where the appeal originated (although a common pleas court in that county might have a local rule on a subject different from that adopted by a municipal court). Consequently, the decisions of the First District Court of Appeals on the certified issue have focused on the adequacy of only Loc.R. 14(B) (or its "analog," Hamilton County Municipal Court Loc.R. V[4] ) in providing notice, and that court has never had an opportunity to consider the adequacy of local rules with different provisions. To the extent that Loc.R. 14(B) is fundamentally different from some of the local rules at issue in cases from other districts, there may not truly be a conflict between the First District's decisions and those of some of the other districts cited above.

{¶ 31} On the other hand, in a multicounty appellate district, there can be as many variations on local rules as there are counties that comprise the district (again, municipal courts or county courts within the district may have their own local rules). This point is illustrated by *Slack v. Burton*, supra, 2d Dist. No. 99 CA 42, 2000 WL 731696, in which the Second District Court of Appeals found a Miami County local rule sufficient to provide notice, and *Ashworth v. Enon* (Oct. 18, 1995), 2d Dist. No. 95 CA 43, 1995 WL 614345, in which the same court found that the Clark County local rules did not provide notice. See, also, *Cowen v. Lucas*, supra, 4th Dist. No. 96CA2456, 1997 WL 362013, which the Fourth Appellate District distinguishes from *Birchfield v. Warncke* (Mar. 25, 1996), Adams App. No. 95CA593, 1996 WL 148592, and *Gen. Motors Acceptance Corp. v. Stratton* (June 28, 1989), Highland App. No. 694, 1989 WL 74871. There were no

local rules relevant to the question in *Birchfield* and *Stratton*, the court noted, but a Scioto County local rule provided the required notice in *Cowen*. As these cases demonstrate, it is crucial to focus on the precise terms of local rules to determine whether the notice they provide is sufficient.

{¶ 32} The majority view among Ohio's appellate districts that a local rule of court is capable of providing the parties with notice of the date of hearing or deadline date for submission of materials is supported by decisions of several federal circuit courts of appeal. See *Geear v. Boulder Community Hosp.* (C.A.10, 1988), 844 F.2d 764, 766 (a local rule providing that responses to motions for summary judgment "must be submitted within a certain time period of at least ten days fulfills the notice requirement of rule 56[c]"); *Cowgill v. Raymark Industries, Inc.* (C.A.3, 1985), 780 F.2d 324, 329 (party opposing motion for summary judgment is not entitled to notice that the motion will be entertained on a particular date); *Howell v. Tanner* (C.A.5, 1981), 650 F.2d 610, 614 (a local rule can fulfill the notice requirement of Fed.R.Civ.P. 56). But, see, *Griffith v. Wainwright* (C.A.11, 1985), 772 F.2d 822, 824 (Fed.R.Civ.P. 56[c] "requires that summary judgment cannot be entered against a party unless that person has been given express notice, ten days in advance, of his rights under that rule and how he might best defend them").

{¶ 33} We are persuaded by the reasoning of those courts that find that a local rule of court may notify parties of a summary judgment hearing or of deadlines for submission of memoranda and Civ.R. 56 materials. Therefore, we hold that a trial court need not notify the parties of the date of consideration of a motion for summary judgment or the deadlines for submitting briefs and Civ.R. 56 materials if a local rule of court provides sufficient notice of the hearing date or submission deadlines.[3]

{¶ 34} Our holding should not be taken as condoning a hasty judgment. One of the overriding goals of Civ.R. 56 is fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought. See *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (because summary judgment terminates litigation without the benefit of a trial on the merits, compliance with the letter and spirit of the rule is of paramount importance). Civ.R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard. See *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285, paragraphs one and two of the syllabus.

---

3. Consistent with the principles of our holding, it necessarily follows that a case-management scheduling order is capable of giving the parties notice of a date of hearing on a summary judgment motion or cutoff date for the submission of briefs and Civ.R. 56 materials.

{¶ 35} A trial court's better practice is to schedule an explicit cutoff date for submission of materials on the motion for summary judgment and to set a date for any hearing. However, if a local rule provides notice of either of these dates, the trial court's scheduling of such dates is not an implicit requirement of Civ.R. 56.

## IV

### Additional Considerations

{¶ 36} In this case, we find that Loc.R. 14(B) provides a cutoff date for the filing of a response to a motion for summary judgment and therefore adequately gives notice of the date by which such a response must be filed. Since Hooten never requested oral argument on the motion, he acquiesced to a nonoral hearing under Loc.R. 14(C)(4), and Loc.R. 14(B) supplied him with the date by which to file his response to the motion for summary judgment.

{¶ 37} Even though we find Loc.R. 14(B) sufficient to provide adequate notice of the submission date for a motion for summary judgment, a close examination of that rule compared to local rules adopted in other courts reveals that it is not an absolute model of clarity. Other courts have adopted local rules that, in addition to providing the time limits for filing responses to motions for summary judgment, more clearly specify the date on which the motion will be considered. See, e.g., *Hayes v. Murtha,* supra, 10th Dist. No. 96APE04–512, 1996 WL 589268, and its discussion of Loc.R. 21.01, 57.01, and 57.02 of the Court of Common Pleas of Franklin County.

{¶ 38} A rule that specifies both the deadlines for filing responses to a motion for summary judgment and the date the hearing will occur leaves less room for uncertainty, particularly regarding the filing of Civ.R. 56 materials that the First Appellate District has focused on in finding Loc.R. 14(B) deficient. However, we determine that Loc.R. 14 provides the requisite notice.

{¶ 39} This court has found that, pursuant to Civ.R. 56(C), a hearing on a summary judgment motion may not take place until at least 14 days have passed from service of the motion. See *State ex rel. The V. Cos.,* 81 Ohio St.3d at 470, 692 N.E.2d 198. To the extent that Loc.R. 14(B) could be interpreted to authorize a hearing after ten days from service of the motion, the rule would conflict with Civ.R. 56(C). We note, however, that the rule appears to envision a period of more than 14 days before a hearing because it allows for the filing of a reply memorandum after a response has been filed, which means that in the normal case, the trial court must wait for the time for reply to expire (seven days after service of the responsive memorandum) before the matter is deemed submitted. When, as here, no reply memorandum will be filed because no response was filed, Civ.R. 56(C) prohibits the hearing until at least 14 days have

passed. Because Loc.R. 14(B) is read in conjunction with Civ.R. 56(C), the two are not in conflict. Many of the local rules considered in cases from other districts cited in this opinion specifically require that the trial court wait at least 14 days after service of the motion, and in many cases longer, before entertaining a motion for summary judgment.

{¶ 40} A motion for summary judgment is rarely granted after only 14 days from service of the motion. In this case, one month had passed after the motion's filing when the trial court ruled on it (July 9, 2001, to August 9, 2001). See, also, *Hall v. Klien,* Wood App. No. WD–99–001, 1999 WL 682584 (trial court ruling issued more than one month after filing of motion for summary judgment [November 12, 1998, to December 14, 1998] ); *Brown,* 81 Ohio App.3d at 138, 610 N.E.2d 507 (trial court waited for "approximately eleven months" before ruling on the motion); *Davis v. Pelfrey* (June 15, 1987), 12th Dist. No. CA–86–11–021, 1987 WL 12734 (trial court waited almost three months after filing of motion for summary judgment before ruling on it [July 28, 1986, to October 21, 1986] ). See, also, *Ohio Bank v. Le–Flor Ent., Ltd.,* 3d Dist. No. 5–01–20, 2001 WL 1354413 (court of appeals reversed grant of motion for summary judgment that was ruled on less than six hours after it was filed). In all cases, a trial court is under an obligation to allow time for a full and fair response before ruling on a motion for summary judgment, but a party opposing such a motion must be aware that any relevant local rules of court that set cutoff dates for the filing of a response or that set the date of the hearing cannot be ignored.

{¶ 41} Taken together, Civ.R. 56 and Loc.R. 14 establish a general framework for procedures to be followed in cases in Hamilton County Common Pleas Court when an oral hearing on a summary judgment motion will not be held. Once a motion for summary judgment is filed with the court, the responding party has ten days after service of the motion to file and serve a response. The trial court may extend the time to file a response on its own initiative, upon reviewing affidavits filed by the opposing party under Civ.R. 56(F), or pursuant to a general motion by the opposing party for an extension of time. See Loc.R. 14(B), which provides that the court may extend these time periods "for good cause shown, upon application therefor." If no extension is granted, the earliest possible hearing date is 14 days after service of the motion under Civ.R. 56(C). Therefore, all parties should have their affidavits and other Civ.R. 56(C) materials filed by the day before that time or seek approval from the court to file later. The party that does not file a response to a motion for summary judgment within ten days and does not file its Civ.R. 56 materials within at least 13 days of service of the motion risks a judgment rendered merely on its pleadings under Civ.R. 56(E).

{¶ 42} Although Hooten did file a Civ.R. 56(F) motion for a continuance, the success of that motion was unlikely, given previous rulings of the trial court that

the additional discovery Hooten sought was not relevant to the key issues in his case. Hooten never gave any indication of an intent to file a response to the motion for summary judgment and never requested a simple extension of time. Furthermore, this case has been pending for several years, and the parties have filed numerous motions and responses within that time. Hooten's failure to respond to the merits of the motion for summary judgment was at his own peril, and under our holding, he was not entitled to further notice that the trial court's consideration of Safe Auto's motion for summary judgment was imminent.[4]

{¶ 43} However, even though we reverse the judgment of the court of appeals on the certified issue, it does not necessarily follow that the trial court's grant of summary judgment in Safe Auto's favor must be affirmed on the merits. The lack of an adequate response to a motion for summary judgment by a monmoving party does not entitle the moving party to summary judgment. Civ.R. 56(E) provides that when a party fails to respond properly to a summary judgment motion, summary judgment, "*if appropriate,* shall be entered against the party." (Emphasis added.) Therefore, Hooten's argument to the court of appeals that there is a genuine issue of fact making summary judgment inappropriate remains.[5] The court of appeals did not address that question, and we remand the matter to that court for its consideration.

{¶ 44} For all of the foregoing reasons, the judgment of the court of appeals is reversed, and the cause is remanded to that court for further proceedings.

Judgment reversed
and cause remanded.

Moyer, C.J., F.E. Sweeney, Pfeifer, Grady, Lundberg Stratton and O'Connor, JJ., concur.

Thomas J. Grady, J., of the Second Appellate District, sitting for Cook, J.

---

Mazanec, Raskin & Ryder Co., L.P.A., Edward M. Ryder, David K. Frank and Rudy A. Bisciotti, for appellant.

---

4. Hooten did not raise an issue in the court of appeals regarding the propriety of the trial court's decision to deny his Civ.R. 56(F) motion in the same entry that granted Safe Auto's motion for summary judgment.

5. To the extent that Loc.R. 14(B) seems to imply that the failure to file a response to a motion for summary judgment authorizes the court "to grant the motion as served and filed" with no further consideration, it is without effect. A local rule of course cannot dispense with the requirements of Civ.R. 56(C) or Civ.R. 56(E).