OPINION
{¶ 1} This is an appeal from an order of the court of common pleas overruling objections to and adopting its magistrate's decision granting a motion for summary judgment.
 {¶ 2} The matter in dispute arose from contracts in which Defendants purchased the assets of a business that had been owned and operated by Plaintiff's decedent. Plaintiff filed a breach of contract action, claiming that Defendants, Douglas Crabtree and a corporation owned by him, failed to pay the promised consideration.
 {¶ 3} The case was referred by the court to its magistrate after Plaintiff's complaint was filed. When Defendants failed to file a responsive pleading after they were served, the magistrate granted Plaintiff's motion for default judgment. An appearance on behalf of Defendants was then made by Attorney Charles A. Smiley and the default judgment was withdrawn. Responsive pleadings were filed.
 {¶ 4} Before further proceedings were held, Attorney Smiley died. On January 14, 2003, the magistrate ordered Defendants to notify the court, on or before February 28, 2003, whether they had obtained new counsel or would proceed pro se. If counsel was obtained, a notice of appearance was required by the order on or before the same date. The magistrate also ordered a telephone status conference for March 7, 2003.
 {¶ 5} No appearance of counsel on behalf of Defendants was made on or before the deadline date the magistrate set. On March 7, 2003, the magistrate entered an order stating that "[p]ursuant to the telephone status conference" of the same date, motions for summary judgment must be filed on or before April 7, 2003, and responses thereto on or before April 21, 2003. The order does not indicate whether Defendant Crabtree participated in the status conference. It does indicate that he was furnished a copy of the magistrate's order.
 {¶ 6} Plaintiff filed a motion for summary judgment on March 14, 2003. The motion was supported by an affidavit of Plaintiff, Diana M. Waters. Defendants filed no response. On June 4, 2003, the magistrate entered a decision granting Plaintiff's motion for summary judgment against Defendants and for Plaintiff in the amount of $95,385.50, plus interest and costs.
 {¶ 7} Thirteen days following the magistrate's decision, on June 17, 2003, pro forma objections to the magistrate's decision were filed on behalf of Defendants by Attorney Dennis A. Lieberman. In a supporting memorandum, Attorney Lieberman averred that "Defendant was out of the country during the time that Mr. Smiley passed away, and was not available to obtain other counsel until June of 2003." The memorandum further states that Defendant had since retained Attorney Lieberman, but that before he "could determine what was pending in the Common Pleas Court in the instant case, the Magistrate issued a decision granting the Plaintiff's Motion for Summary Judgment." Attorney Lieberman requested an additional thirty days time to "compile the evidence necessary" to file substantive objections to the magistrate's decision.
 {¶ 8} The trial court granted Defendant an additional thirty days in which to file not objections but a response to Plaintiff's motion for summary judgment. The court further stated: "In addition, Defendant should offer evidence to demonstrate to the Court excusable neglect, including the reason that nothing was filed on his behalf until June 2003 and why he did not make arrangements to receive the Magistrate's January 14, 2003 order to file notice of new counsel." (Order and Entry, August 13, 2003).
 {¶ 9} Defendant filed a memorandum in opposition to Plaintiff's motion for summary judgment on September 12, 2003. Both the memorandum and an affidavit of Defendant Crabtree attached to it contained contentions adverse to the merits of Plaintiff's claims for relief for breach of contract. However, neither addressed the excusable neglect issue the court had raised on its own motion.
 {¶ 10} On March 22, 2004, the court overruled Defendant's objections and adopted the magistrate's decision. The court found that because Defendant had failed to offer evidence relevant to the excusable neglect issue the court raised, the court would not consider Crabtree's affidavit in opposition to Plaintiff's motion and affidavit. Lacking any evidentiary basis in opposition to the motion, therefore, the court granted it.
 {¶ 11} Defendants filed a timely notice of appeal. They present a single assignment of error.
Assignment of Error
 {¶ 12} "The trial court erred in granting defendants' motion for summary judgment."
 {¶ 13} Motions for summary judgment are governed by Civ.R. 56. Paragraph (C) of that rule provides that the merits of the motion must be decided on the pleadings and several forms of documentary evidence the rule prescribes. The court may in its discretion hold a hearing on the motion to hear oral arguments or objections to evidence proffered. GatesMills Inv. Co. V. Village of Pepper Pike (1978), 59 Ohio App.2d 155. However, because Civ.R. 56(C) limits the parties' submissions to documentary evidence, evidentiary hearing on the merits of the motion are not available. Hooten v. Safe Auto Insurance Co., 100 Ohio St.3d 8,2003-Ohio-4829. The proceedings are instead governed by Civ.R. 7(B)(2), which permits the court to direct the submission and determination of motions "without oral hearing upon brief written statements of reasons in support and opposition."
 {¶ 14} Civ.R. 7(B)(2) is particularly applicable to Civ.R. 56 summary judgment proceedings because the rule sets out the standard on which the proof must be construed, which is most strongly in favor of the party against whom the motion is made. The rule further provides that the motion shall not be granted "unless reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." The court does not decide the merits of the evidence submitted but instead evaluates it in relation to these standards.
 {¶ 15} Though it concerned the motion for summary judgment the magistrate's decision had granted, Defendant's objection to that decision were made pursuant to Civ.R. 53(E)(3). Paragraph (4)(b) of Civ.R. 53(E) states:
 {¶ 16} "Disposition of objections. The court shall rule on any objections the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consideradditional evidence proffered upon objections unless the objecting partydemonstrates that with reasonable diligence the party could not haveproduced that evidence for the magistrate's decision." (Emphasis supplied)
 {¶ 17} The trial court's requirement that Defendant offer evidence demonstrating "excusable neglect"[1] as a condition for its consideration of any other evidence he might offer relevant to the merits of Plaintiff's motion for summary judgment was authorized by Civ.R. 53(E)(4)(b). However, that rule, unlike Civ.R. 56(C), contains no standard for determining the merits of the issue presented. Absent that standard, the merits of a Civ.R 53(E)(4)(b) "reasonable diligence" issue is a matter committed to the discretion reposed on the trial courts to decide issues presented by motions which are filed in actions before the court.
 {¶ 18} Civ.R. 7(B)(2) authorizes courts to make rules for submission of evidence pursuant to its provisions or do so by specific order. Unlike some other courts,[2] the Montgomery County Court of Common Pleas has not adopted a local rule implementing Civ.R 7(B)(2). However, and even when the requirement is imposed by local rule, where an evidentiary determination is involved a form of hearing is required. Matson v. Marks
(1972), 32 Ohio App.2d 19. "Thus, when the movant presents operative facts establishing prima facie that the motion is timely and is based on a meritorious claim or defense (that is, when the movant establishes that an evidentiary hearing is required), the court must either grant a hearing or the motion." Klein/Darling, Baldwin's Ohio Civil Practice, Vol. 1, Section 7:12.
 {¶ 19} The objections and memorandum Defendants filed on June 13, 2003, contained operative facts indicating why they had not filed a response to Plaintiff's motion for summary judgment in the proceedings before the magistrate; their attorney had died and Defendant Crabtree's absence from the country prevented him from securing new counsel to file a timely reply to Plaintiff's motion for summary judgment. Rather than ordering an evidentiary hearing to determine the truth of the facts alleged, the court adopted from Civ.R. 56(C) proceedings, requiring Defendants to offer documentary evidence relevant to excusable neglect. However, and because the court's Civ.R. 7(B)(2) order imposed an evidentiary requirement, an evidentiary hearing was required. Matson v.Marks. The discretion the court was required to exercise to decide the issue is necessarily informed by the testimony and other evidence offered at the hearing. And, absent the record of the evidence presented, an appellate court cannot determine on review whether the trial court abused its discretion in excluding proffered evidence per Civ.R. 53(E)(4)(b) on the finding the rule contemplates.
 {¶ 20} The assignment of error is sustained. The order from which the appeal was taken will be reversed, and the case will be remanded for further proceedings consistent with this opinion.
Brogan, P.J. and Donovan, J., concur.
[1] Plaintiff had opposed Defendant's initial objections, arguing that Civ.R. 60(B) offered the only basis for the relief Defendant sought. That was incorrect. Civ.R. 60(B) applies to final orders only. Defendant's objections were to a magistrate's decision, which is not a final order. It appears that the court nevertheless imposed the Civ.R. 56(B)(1) "excusable neglect" standard, which is substantially the same as the "reasonable diligence" standard in Civ.R. 53(E)(4)(b).
[2] See: Franklin Loc.R. 25.01; Cuyahoga Loc.R.11(A); Hamilton Loc.R. 14(C).