DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case is before the court on appeal of the March 30, 2005 judgment entry of the Erie County Court of Common Pleas which vacated its January 21, 2005 judgment granting summary judgment to appellants, The Cafaro Company dba Sheraton Inn and Choice Hotels International dba Clarion Hotel. Because we find that appellees were not entitled to Civ.R. 60(B) relief, we reverse the trial court's decision.
 {¶ 2} On May 30, 2000, appellees commenced this slip-and-fall action which stemmed from alleged injuries sustained by appellee, Rebecca Tuttle, following her fall in the pool area of a Sheraton Inn in Erie County, Ohio. On September 21, 2001, with leave of court, appellants filed a motion for summary judgment with a request for a hearing. On October 11, 2001, appellees requested an extension of time to respond, stating that they wished to depose two individuals who provided affidavits used in support of appellants' motion. This motion was never ruled on by the court; however, on November 13, 2001, appellees filed a notice with the court which indicated that the depositions were to be held on November 23, 2001 (according to appellants, the depositions were conducted on March 6, 2002.) Thereafter, from June 12, 2002, until summary judgment was granted on December 22, 2004 (without a written decision), and journalized on January 21, 2005, there were no court filings.
 {¶ 3} On January 13, 2005, appellees filed a joint Civ.R. 60(B)(1) and/or (5) motion for relief from judgment and motion for reconsideration.[1] Appellees argued that they were entitled to relief from judgment because appellants requested a hearing pursuant to Civ.R. 56(C) and that no hearing, either oral or non-oral, was held. Regarding the motion for reconsideration, appellees contended that the trial court, in making its ruling, failed to consider all the appropriate Civ.R. 56(C) evidence. Appellants opposed the motion.
 {¶ 4} While appellees' motion was pending, appellees filed a notice of appeal of the court's January 21, 2005 judgment. This court stayed the appeal and remanded the case for a ruling on the Civ.R. 60(B) motion. On March 10, 2005 (journalized on March 30, 2005), the trial court vacated its summary judgment order stating: "this court failed to hold the hearing as required by Civ.R. 56(C), such hearing having been requested by Defendants." On March 18, 2005, this court dismissed the appellees' appeal. On March 24, 2004, appellants filed their notice of appeal.[2]
 {¶ 5} Appellants set forth the following assignment of error:
 {¶ 6} "I. Appellants' Assignment of Error
 {¶ 7} "The trial court abused its discretion when it vacated its order of December 22, 2004 granting appellants' unopposed motion for summary judgment."
 {¶ 8} In appellants' sole assignment of error, they argue that the trial court erred when it vacated its December 22, 2004 judgment on the basis of its failure to hold a Civ.R. 56(C) hearing. Appellees assert that although a Civ.R. 56(C) hearing need not be oral, a hearing must be held.
 {¶ 9} Initially, we note that a motion for relief from judgment pursuant to Civ.R. 60(B) is left to the sound discretion of the trial court, and the court's ruling will not be disturbed absent a showing of abuse of discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore, 5 Ohio St.3d at 219.
 {¶ 10} The dispute in this case is whether a hearing, oral or non-oral, was required to be held under Civ.R. 56(C) prior to the court's ruling on appellants' summary judgment motion. The relevant portion of Civ.R. 56(C) provides: "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits."
 {¶ 11} In Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8, syllabus, 2003-Ohio-4829, the Supreme Court of Ohio, after certifying a conflict in the appellate districts,[3] held:
 {¶ 12} "A trial court need not notify the parties of the date of consideration of a motion for summary judgment or the deadlines for submitting briefs and Civ.R. 56 materials if a local rule of court provides sufficient notice of the hearing date or submission deadlines."
 {¶ 13} In the present case, Loc.R. 4.01 of the Court of Common Pleas of Erie County provides:
 {¶ 14} "A memorandum citing the authorities relied upon must be filed with all civil motions, including motions for summary judgment raising questions of law or fact for determination. If oral argument is requested, such will be noted on the motion at the time of filing. Failure to make such a request will be considered a waiver of oral argument. The Court, in its discretion, may grant or deny a request for oral argument.
 {¶ 15} "Opposing counsel will file a memorandum contra or request oral argument within fourteen (14) days of the filing of the motion or it will be assumed that the motion is to be submitted on the moving party's memorandum only. A reply memorandum may be filed within seven (7) days of the filing of the memorandum contra."
 {¶ 16} In accordance with Hooten, we find that the above-quoted rule provided sufficient notice of the deadlines for filing memoranda and/or evidence with regard to summary judgment and, accordingly, the trial court abused its discretion by granting relief from judgment on the basis of the failure to hold a hearing pursuant to Civ.R. 56(C). We reach this conclusion despite the fact that appellants had, in accordance with the rule, requested an oral argument as the court had discretion in granting that request. Obviously, because the trial court intended to grant judgment in appellants' favor, it felt that a hearing was not necessary. Finally, although we acknowledge that appellees had requested an extension of time to respond to the motion which was never ruled on by the court, we find that the depositions that appellees requested to take were, in fact, conducted on or before March 6, 2002. At that point, appellees had no legitimate reason (and they have never asserted one) for failing to respond to appellants' motion for summary judgment. Therefore, appellees failed to establish any legitimate basis for Civ.R. 60(B) relief. Appellants' assignment of error is well-taken.
 {¶ 17} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Erie County Court of Common Pleas is reversed. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.
[1] We note that a motion for reconsideration of a final order granting summary judgment in the trial court is a nullity. SeePitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 380.
[2] We note that appellees did file their memorandum in opposition to summary judgment on March 31, 2005.
[3] The court certified a conflict between the First Appellate District, which found that the trial court erred by not setting a Civ.R. 56(C) hearing date, and this district which held that the local rules of court provided sufficient notice of the deadlines for filing a written response and evidence in support of the written response to summary judgment. See Hall v. Klien (Sept. 3, 1999), 6th Dist. No. WD-99-001.