[Cite as *Fantozz v. 250 Centre, Ltd.*, 2015-Ohio-3800.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY


Jo Dee Fantozz, Erie County Treasurer          Court of Appeals No. E-14-121

      Appellee          Trial Court No. 2010 CV 0998

v.

250 Centre, Ltd., et al.          **DECISION AND JUDGMENT**

      Appellants          Decided:  September 18, 2015

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Jason R. Hinners, Assistant Prosecuting Attorney, for appellee.

D. Jeffery Rengel and Thomas R. Lucas, for appellants.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 1, 2011, summary judgment ruling of the Erie

County Court of Common Pleas, which granted summary judgment to appellee in a

foreclosure action 12 days after the summary judgment filing.  For the reasons set forth

below, we reverse the trial court judgment and remand the matter to the trial court for further proceedings consistent with this decision.

{¶ 2} Appellants, 250 Centre, Ltd., Cecil Weatherspoon, Rose Weatherspoon and South Bass Island Resort, Ltd., set forth the following two assignments of error:

> I.  The trial court committed reversible error and abused its discretion in granting appellee's motion for Summary Judgment less than fourteen days after it was filed without allowing appellants an opportunity to respond.

> II.  The trial court committed reversible error when it entered an order of sale on July 15, 2014 without any evidence, determination, or finding in the court's record that appellant failed to abide by its delinquent tax agreement.

{¶ 3} The following undisputed facts are relevant to this appeal.  On December 8, 2010, appellee filed a foreclosure complaint against appellants stemming from a delinquent property tax bill.  On February 3, 2011, appellants filed an answer to the complaint.  On May 20, 2011, appellee filed for summary judgment.  On June 1, 2011, 12 days after it was filed, the trial court granted summary judgment to appellee.  This appeal ensued.

{¶ 4} In the first assignment of error, appellants claim that the trial court erred in granting appellee's motion for summary judgment without furnishing appellants the requisite 14-day period of time after the summary judgment filing in which to respond.

2.

In support, appellants emphasize that summary judgment proceedings are governed by Civ.R. 56(C) which mandates, "The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits."

{¶ 5} Accordingly, the party opposing summary judgment must be furnished a minimum period of 14 days in which they may file an opposing brief. In conjunction with this, Erie County Local Rule 25.01(A), establishes in relevant part:

> Motions for summary judgment shall be scheduled for a non-oral hearing by the party filing the motion by noting the option on the first non-oral hearing calendar date that is at least 28 days after the date of filing the motion with the court or the date of service set forth on the certificates of service attached to the motion, whichever is later. * * * Not later than 14 days before the date of the non-oral hearing, the opposing party(s) shall file with the court and cause to be served upon the moving party opposing affidavits, depositions, exhibits and documentation and a memorandum of authorities opposing the motion.

{¶ 6} Based upon the above-quoted governing state and local rules of civil procedure pertaining to applicable summary judgment timeframes, this court concurs that appellants were not properly afforded the requisite time in which to oppose appellee's summary judgment filing. On the contrary, a June 1 ruling on a May 20 summary judgment filing does not comport with Civ.R. 56(C) or Erie County Local Rule 25.01(A).

3.

{¶ 7} Consistently, in *Hooten v. Safe Auto Insurance Company*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, the Ohio Supreme Court clearly held that the non-moving party in a summary judgment proceeding must receive at least 14 days to oppose a summary judgment motion.

We are aware that some courts have found that Civ.R. 56(C) *itself* provides the parties with sufficient notice of the submission date because it states that the matter may be deemed submitted 14 days after the summary judgment motion is served. * * * However, barring a more generous local rule, Civ.R. 56 gives a "defender" 14 days to prepare a response to the summary judgment motion. *Id.* at ¶ 20.

{¶ 8} The court determined that, "This court has found that, pursuant to Civ.R. 56(C), a hearing on a summary judgment motion may not take place until at least 14 days have passed from service of the motion." *Id.* at ¶ 39. It further stated that, "[a] motion for summary judgment is rarely granted after only 14 days from service of the motion." *Id.* at ¶ 40. *See, e.g., Bank of New York v. Brunson,* 9th Dist. Summit No. 25118, 2010-Ohio-3978, ¶ 9-10 (reversing the trial court's granting of summary judgment after being on the docket only nine days because Civ.R. 56(C) gives defendant at least 14 days to oppose summary judgment motion). Lastly, appellee concedes that, "Summary Judgment was granted two days early."

4.

**{¶ 9}** Based upon the foregoing, we find appellants' first assignment of error to be well-taken. Given the procedural nature of this matter, we limit our consideration of this appeal to this timing component of the summary judgment dispute.

**{¶ 10}** In appellants' second assignment of error, they maintain that the trial court committed reversible error when it entered an order of sale on July 15, 2014, without any evidence, determination, or finding in the court's record that appellants failed to abide by the delinquent tax agreement.

**{¶ 11}** Based upon our determination in response to appellants' first assignment of error, the second assignment of error, which is contingent upon our determination in response to the first assignment of error, is likewise found well-taken.

**{¶ 12}** On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed and remanded back to the trial court for proceedings consistent with this decision. Appellee is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment reversed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____
                                                      JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.        _____
CONCUR.                                            JUDGE

                                                _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.