[Cite as *PHH Mtge. Corp. v. Galvin*, 2011-Ohio-6787.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PHH MORTGAGE CORPORATION fka
CENDANT MORTGAGE
CORPORATION dba COLDWELL
BANKER MORTGAGE CORPORATION

      Appellee

      v.

JOHN W. GALVIN AND STEPHANIE B.
GALVIN, et al.

      Appellant

C.A. No.     25917

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010 08 5649

DECISION AND JOURNAL ENTRY

Dated: December 30, 2011

BELFANCE, Presiding Judge.

{¶1}  Appellant, John Galvin, appeals an order of the Summit County Court of Common Pleas that granted summary judgment in favor of Appellee, PHH Mortgage Corporation.  This Court reverses.

I.

{¶2}  In August 2010, PHH filed a complaint in foreclosure against John Galvin and Stephanie Galvin, who were married at that time.  John Galvin timely answered the complaint on behalf of himself and Stephanie Galvin.  In his answer he asserted that the Galvins were not in default at the time the complaint was filed and that PHH had accepted and cashed the parties' checks.  However, according to Mr. Galvin, PHH then tendered a check to the Galvins refunding the payments.  PHH moved for default judgment against Stephanie Galvin.  It also moved for

summary judgment against John Galvin. John Galvin responded to PHH's motion for summary judgment. PHH replied and argued that John Galvin had failed to attach documents or other evidence supporting his defenses.

{¶3} In February 2011, a pretrial conference took place. Stephanie Galvin appeared and filed a document indicating that she had never received any papers from PHH mortgage. PHH withdrew its motion for default judgment against Stephanie. In addition, the court issued an order requiring Mr. Galvin to produce additional financial information to PHH and setting a telephone status conference for March 22, 2011.

{¶4} On March 28, 2011, prior to the journalization of any order granting leave, PHH filed its supplemental motion for summary judgment. On March 31, 2011, the trial court issued an order in which it granted leave to PHH to file a motion for summary judgment on or before April 8, 2011. The order further stated that "[r]esponses to the Motion for Summary Judgment are due on or before April 22, 2011."

{¶5} Nine days later, on April 6, 2011, the trial court granted summary judgment in favor of PHH and against the Galvins. On April 22, 2011, John Galvin filed his response to PHH's motion for summary judgment which contained documents in support of his response. Mr. Galvin, pro se, has timely appealed the trial court's April 6, 2011 order.

II.

**ASSIGNMENT OF ERROR I**

**"THE TRIAL COURT ISSUED AN ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFF PHH MORTGAGE ON APRIL 6, 2011 EVEN THOUGH THE COURT ON MARCH 31, 2011 HAD GRANTED DEFENDANT JOHN GALVIN UNTIL APRIL 22, 2011 TO FILE HIS RESPONSE TO MOTION FOR SUMMARY JUDGMENT. BY THE TIME JOHN GALVIN FILED HIS RESPONSE TO MOTION FOR SUMMARY JUDGMENT ON APRIL 22, 2011, THE COURT HAD ALREADY ISSUED A DECREE OF FORECLOSURE."**

## ASSIGNMENT OF ERROR II

**"THE TRIAL COURT ISSUED AN ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFF PHH MORTGAGE AFTER CONSIDERING PLAINTIFF'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT FILED ON MARCH 28, 2011 BUT WITHOUT CONSIDERING DEFENDANT'S RESPONSE WHICH WASN'T SCHEDULED TO BE FILED UNTIL APRIL 22, 2011. THEREFORE THE COURT HEARD THE ARGUMENTS OF ONE PARTY ONLY, PHH, AND DISREGAREDED THE ARGUMENTS OF THE OTHER PARTY, JOHN GALVIN."**

{¶6} In his first two assignments of error, Mr. Galvin essentially argues that the trial court erred in considering and granting PHH's motion for summary judgment before he had an opportunity to submit his response in conformity with the trial court's March 31, 2011 order. This Court agrees.

{¶7} In this matter, summary judgment was granted against Mr. Galvin in contravention of the trial court's March 31, 2011 order stating that responses were due on or before April 22, 2011. Procedural fairness is fundamental to the summary judgment process. We have previously stated that summary judgment should only be granted after all parties have had a fair opportunity to be heard. *Bank of New York v. Brunson*, 9th Dist. No. 25118, 2010-Ohio-3978, at ¶10, quoting *Hooten v. Safe Auto Ins. Co.,* 1100 Ohio St.3d 8, 2003-Ohio-4829, at ¶34. Here, the trial court's March 31, 2011 order provided that responses were due on or before April 22, 2011, thus, any ruling on the motion for summary judgment prior to that date was premature.

{¶8} It is troubling that PHH argues that the trial court's order pertained only to Mrs. Galvin. Contrary to this assertion, the March 31, 2011 order contains no such limitation and simply states that "[r]esponses" are due on or before April 22, 2011, and the court's use of the plural further negates PHH's suggestion.

**{¶9}** Accordingly, we sustain Mr. Galvin's first and second assignments of error.

### ASSIGNMENT OF ERROR III

**"THE ABOVE ERRORS WERE COMMITTED BY JUDGES PATRICIA A. COSGROVE AND TAMMY O'BRIEN, NEITHER OF WHOM HAS EVER BEEN ASSIGNED TO THIS CASE. NEITHER JUDGE HAD THE AUTHORITY TO ISSUE AN ORDER GRANTING SUMMARY JUDGMENT OR A DECREE OF FORECLOSURE SINCE THE CASE IS STILL ASSIGNED TO THE DECEASED JUDGE BRENDA BURNHAM-UNRUH AND NO DOCKET ENTRY HAS EVER BEEN ENTERED ASSIGNING THE CASE TO EITHER JUDGE COSGROVE OR JUDGE O'BRIEN."**

**{¶10}** In light of the resolution of Mr. Galvin's first and second assignments of error, his third assignment of error is rendered moot. Accordingly, we decline to address it. See App.R. 12(A)(1)(c).

### III.

**{¶11}** Mr. Galvin's first and second assignments of error are sustained. His third assignment of error is moot. We reverse the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of PHH and remand this matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR

APPEARANCES:

JOHN W. GALVIN, pro se, Appellant.

STACY L. HART and JULIA E. STEELMAN, Attorneys at Law, for Appellee.