[Cite as *PHH Mtge. Corp. v. Galvin*, 2012-Ohio-5997.]

| | |
|---|---|
| STATE OF OHIO        ) <br>                      )ss: <br> COUNTY OF SUMMIT     ) | IN THE COURT OF APPEALS <br> NINTH JUDICIAL DISTRICT |

| | |
|---|---|
| PHH MORTGAGE CORPORATION, fka CENDANT MORTGAGE CORPORATION dba COLDWELL BANKER MORTGAGE CORPORATION <br><br>        Appellee <br><br>        v. <br><br> JOHN W. GALVIN, et al. <br><br>        Appellants | C.A. No.      26421 <br><br><br> APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.      CV 2010 08 5649 |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2012

---

BELFANCE, Judge.

{¶1} Defendant-Appellant John Galvin appeals, pro se, from the judgments of the Summit County Court of Common Pleas which found in favor of Plaintiff-Appellee PHH Mortgage Corporation fka Cendant Mortgage Corporation dba Coldwell Banker Mortgage Corporation ("PHH"). For the reasons set forth below, we affirm.

I.

{¶2} Much of the history of this case was summarized in the prior appeal:

In August 2010, PHH filed a complaint in foreclosure against [Mr.] Galvin and Stephanie Galvin, who were married at that time. John Galvin timely answered the complaint on behalf of himself and Stephanie Galvin. In his answer he asserted that the Galvins were not in default at the time the complaint was filed and that PHH had accepted and cashed the parties' checks. However, according to Mr. Galvin, PHH then tendered a check to the Galvins refunding the payments. PHH moved for default judgment against Stephanie Galvin. It also moved for summary judgment against John Galvin. John Galvin responded to PHH's motion

for summary judgment. PHH replied and argued that John Galvin had failed to attach documents or other evidence supporting his defenses.

In February 2011, a pretrial conference took place. Stephanie Galvin appeared and filed a document indicating that she had never received any papers from PHH * * *. PHH withdrew its motion for default judgment against Stephanie. In addition, the court issued an order requiring Mr. Galvin to produce additional financial information to PHH and setting a telephone status conference for March 22, 2011.

On March 28, 2011, prior to the journalization of any order granting leave, PHH filed its supplemental motion for summary judgment. On March 31, 2011, the trial court issued an order in which it granted leave to PHH to file a motion for summary judgment on or before April 8, 2011. The order further stated that "[r]esponses to the Motion for Summary Judgment are due on or before April 22, 2011."

Nine days later, on April 6, 2011, the trial court granted summary judgment in favor of PHH and against the Galvins. On April 22, 2011, John Galvin filed his response to PHH's motion for summary judgment which contained documents in support of his response.

*PHH Mtge. Corp. v. Galvin*, 9th Dist. No. 25917, 2011-Ohio-6787, ¶ 2-5.

{¶3} In that appeal, this Court concluded that the trial court erred in "granting PHH's motion for summary judgment before [Mr. Galvin] had an opportunity to submit his response in conformity with the trial court's March 31, 2011 order." *Id.* at ¶ 6. Accordingly, we reversed the trial court's decision and remanded for proceedings consistent with our opinion. *Id.* at ¶ 11.

{¶4} Upon remand, Mr. Galvin resubmitted the same response in opposition to PHH's motion for summary judgment. The trial court granted summary judgment to PHH and thereafter issued a decree of foreclosure. Mr. Galvin has appealed, pro se, raising a single assignment of error for our review. Ms. Galvin has not appealed.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED ERROR BY GRANTING SUMMARY JUDGMENT TO PLAINTIFF PHH MORTGAGE DESPITE THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACTS WHICH WERE STILL TO BE

DETERMINED AND WHICH WERE ESSENTIAL TO THE OUTCOME OF THE CASE. IN GRANTING THE MOTION FOR SUMMARY JUDGMENT, THE COURT INCORRECTLY CLAIMED THAT IT WAS IMMATERIAL WHETHER OR NOT GALVIN HAD CORRECTED THE DEFAULT PRIOR TO THE COMPLAINT FOR FORECLOSURE, AND THE COURT INCORRECTLY CLAIMED THAT DEFENDANTS HAD A DUTY TO PROVE THAT THEIR PAYMENTS WERE CURRENT "AT ALL TIMES." IN THE FACTUAL BACKGROUND SECTION OF THE JUDGMENT ENTRY, THE COURT STATED: "WHILE MORTGAGE PAYMENTS BEGINNING IN JULY OF[] 2010 MAY HAVE BEEN RETURNED, THIS DOES NOT ESTABLISH THAT, AT ALL TIMES, THE DEFENDANTS' MORTGAGE WAS CURRENT. AGAIN IN THE ANALYSIS SECTION OF THE ENTRY, THE COURT STATED, "WHILE THE DEFENDANT HAS ESTABLISHED THAT MORTGAGE PAYMENTS BEGINNING IN JULY 2010 WERE RETURNED, HE HAS FAILED TO ESTABLISH THAT HIS LOAN WAS CURRENT AT ALL TIMES AND/OR THAT PLAINTIFF DID NOT PERFORM ALL REQUIRED CONDITIONS PRECEDENT PRIOR TO THE COMMENCEMENT OF THIS FORECLOSURE ACTION." (Emphasis omitted.)

**{¶5}** Mr. Galvin essentially asserts in his assignment of error that the trial court erred in granting summary judgment in favor of PHH because the documents he submitted in response to PHH's motion created a genuine issue of material fact with respect to whether any alleged default had been cured and with respect to whether PHH itself created the default by returning some of the Galvins' payments. We do not agree.

**{¶6}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011–Ohio–1519, ¶ 8.

**{¶7}** Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

{¶8} "We note that [a] foreclosure requires a two[-]step process." (Internal quotations and citations omitted.) *Natl. City Mtge. v. Skipper,* 9th Dist. No. 24772, 2009-Ohio-5940, ¶ 25. "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." (Internal quotations and citations omitted.) *CitiMortgage, Inc. v. Firestone*, 9th Dist. No. 25959, 2012–Ohio–2044, ¶ 11. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and citations omitted.) *Skipper* at ¶ 25. In the instant matter, Mr. Galvin has not asserted that the remedy of foreclosure was inequitable. Instead, he asserts that there was a genuine issue of material fact with respect to whether he was in default.

{¶9} PHH submitted an affidavit and accompanying documents, including a copy of the note, loan modification agreement, mortgage, and assignment, in support of its motion for summary judgment. The affiant averred that PHH is the holder of the note, loan modification agreement, mortgage and assignment, that there has been a default in payment, that the account is due for the March 1, 2010 payment and all subsequent payments, that PHH elected to

accelerate the loan, that all conditions precedent to foreclosure have been performed, and that there is $157,391.65 due along with interest from February 1, 2010, at a rate of 3.875%.

{¶10} In response, Mr. Galvin asserted that:

[d]efendants contend that they had made all necessary payments to be current on their mortgage obligation at that time. However, plaintiff at some time after the filing of the complaint initiating this action mailed to the defendants checks which refunded five (5) months of payments, thus creating a default by virtue of plaintiff's actions, not due to delinquency by defendants.

{¶11} Mr. Galvin did not attach an affidavit to his response, although he did attach several documents. Despite the fact that the documents were not authenticated via an affidavit, it is clear the trial court considered them. Because there was no objection, our law is clear that the trial court was permitted to consider them but did not have to do so. *See Cheriki v. Black River Industries, Inc.*, 9th Dist. No. 07CA009230, 2008-Ohio-2602, ¶ 6. One of the documents is a letter from PHH to the Galvins, which is dated July 22, 2010. It states that "[t]he total amount required to bring your loan current is $6,080.93." It also indicates that the loan was due for the March 1, 2010 payment and that a July payment of $1,157.83 was being returned because it was insufficient to bring the loan current. The second letter is dated August 26, 2010, and indicates that an August payment of $1,157.83 was being returned because it was insufficient to bring the loan current. Finally, the third letter is dated September 7, 2010, and indicates that a separate August payment of $3,473.49 was being returned because it was insufficient to bring the loan current. Additional documents submitted by Mr. Galvin seem to verify that the Galvins paid the above funds and also had them refunded.

{¶12} Even viewing the documents in a light most favorable to Mr. Galvin, we cannot conclude that there is a genuine dispute of material fact as to whether PHH manufactured the default by improperly returning mortgage payments or that he cured the default alleged by PHH.

From Mr. Galvin's documents, it can be surmised that the Galvins submitted a total of $5,789.15 to PHH during the months of July and August, although $6,080.93 was required as of July 22, 2010, to cure the alleged default. Based upon the evidence that Mr. Galvin submitted, as of July 22, 2010, the total of the subsequent payments submitted was insufficient to bring the loan current even as of July 22, 2010. Accordingly, Mr. Galvin has not demonstrated that there was a genuine issue of material fact as to whether PHH manufactured a default prior to filing the complaint by improperly returning the mortgage payments or that the Galvins cured the default prior to the filing of the complaint. Moreover, the trial court could not consider Mr. Galvin's arguments to the contrary in his brief in opposition to summary judgment as they were not supported by any affidavit or other evidence verifying the same. *See* Civ.R. 56(C),(E); *Dresher*, 75 Ohio St.3d at 293, quoting Civ.R. 56(E). In light of the evidence submitted by PHH and the lack of rebuttal evidence which could suffice to create a dispute of material fact, we conclude the trial court did not err in granting summary judgment in favor of PHH. Mr. Galvin's assignment of error is overruled.

### III.

{¶13} In light of the foregoing, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, P.J.
CONCURS.

CARR, J.
DISSENTING.

{¶14} I respectfully dissent. As the majority explains, a foreclosure suit involves a two-step procedure. Although the trial court determined that Galvin was in default, it never weighed the equities before granting foreclosure. I would remand the matter to the trial court to make that determination.

APPEARANCES:

JOHN W. GALVIN, pro se, Appellant.

STACY L. HART, Attorney at Law, for Appellee.