[Cite as *Woods Cove III, L.L.C. v. Landmark Property Dev., Ltd.*, 2016-Ohio-790.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

WOODS COVE III, LLC

    Appellee

    v.

LANDMARK PROPERTY
DEVELOPMENT, LTD., et al.

    Appellant

C.A. No.    27882

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2015-03-1645

DECISION AND JOURNAL ENTRY

Dated: March 2, 2016

McGRATH, Judge.

{¶1} Defendant-appellant, Landmark Property Development, Ltd. ("Landmark"), appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Woods Cove III, LLC ("Woods Cove"). We reverse.

I

{¶2} Woods Cove filed a foreclosure complaint against Landmark based on a tax certificate. Landmark filed an answer and asserted various defenses. On June 17, 2015, Woods Cove moved for summary judgment against Landmark. The trial court did not set a hearing date or briefing schedule for the motion.

{¶3} On June 24, 2015, the trial court granted summary judgment to Woods Cove and entered a decree of foreclosure in its favor. The court noted that there was no just reason for delay in entering judgment. Landmark appeals raising one assignment of error for review.

Assignment of Error

THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SEVEN DAYS AFTER IT WAS FILED, THEREBY DENYING DEFENDANT THE OPPORTUNITY TO PREPARE AND FILE ITS RESPONSE WITHIN THE TIME PRESCRIBED BY LOCAL RULE 7.14.

**{¶4}** In its sole assignment of error, Landmark argues that the trial court prematurely granted summary judgment without giving it an opportunity to respond. We agree.

**{¶5}** "Procedural fairness is fundamental to the summary judgment process." *PHH Mtge. Corp. v. Galvin*, 9th Dist. Summit No. 25917, 2011-Ohio-6787, ¶ 7. This includes granting all parties a fair opportunity to be heard. *Id.*, citing *Bank of New York v. Brunson*, 9th Dist. Summit No. 25118, 2010-Ohio-3978, ¶ 10. When the trial court does not set a hearing date, the time a party has to respond to a motion for summary judgment is determined by consulting the local rule. *Bailey v. Lake Erie Educational Computer Assoc.*, 9th Dist. Lorain Nos. 99CA007323 and 99CA007471, 2000 WL 1675050, *4 (Nov. 8, 2000); *see also Hooten v. Safe Auto Ins., Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 33 (local rule of court may notify parties of summary judgment deadlines).

**{¶6}** Local Rule 7.14(C)(1) of the Summit County Court of Common Pleas, General Division, provides:

> A party opposing a motion for summary judgment made pursuant to Civil Rule 56 may file a brief in opposition with accompanying evidentiary materials * * * within fourteen (14) days of service of the motion. The movant may file a reply brief in support of the motion within ten (10) days of service of the brief in opposition. * * *

**{¶7}** In the instant matter, Woods Cove filed its motion for summary judgment on June 17, 2015. The trial court granted the motion and entered a foreclosure decree against Landmark a mere seven days later on June 24, 2015. Because the trial court had not set a hearing date, Landmark was entitled to rely on Local Rule 7.14(C)(1) and, therefore, had fourteen days to

respond to the motion for summary judgment. The trial court's premature order deprived Landmark of its opportunity to respond in opposition to summary judgment. Accordingly, the trial court's entry must be vacated and Landmark must be given the opportunity to respond to the motion for summary judgment.

## III

{¶8} Landmark's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, the foreclosure decree is vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

PATRICK MCGRATH
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

(McGrath, J., retired, of the Tenth District Court of Appeals, sitting by assignment.)

APPEARANCES:

DONALD W. DAVIS, JR. and ELIZABETH SHIVELY BOATWRIGHT, Attorneys at Law, for Appellant.

MATTHEW CURRY, Attorney at Law, for Appellee.