DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Charles Starks, III, appeals the judgment of the Akron Municipal Court, which granted summary judgment in favor of Appellee, Midland Funding, LLC ("Midland"). This Court reverses.
 I. {¶ 2} On May 29, 2007, Midland filed a complaint against Starks for money loaned on a credit card. Starks answered, entering general denials, and asserting several affirmative defenses.
 {¶ 3} On September 6, 2007, the trial court issued a journal entry, scheduling the matter for trial and establishing a discovery end date. The trial court further ordered that dispositive motions must have been filed by October 15, 2007.
 {¶ 4} On October 3, 2007, Midland filed a motion for summary judgment. The trial court judge signed a judgment entry on October 22, 2007, granting summary judgment in favor *Page 2 
of Midland. The trial court filed the judgment entry on October 24, 2007. Earlier that same day, Starks had filed his opposition to summary judgment, which the trial court did not consider, having signed its decision two days earlier.
 {¶ 5} Starks timely appealed, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY RULING ON SUMMARY JUDGMENT WITHOUT SETTING A DATE FOR HEARING THE MOTION IN CONTRAVENTION OF THE REQUIREMENTS OF [CIV.R] 56(C)."
 {¶ 6} Starks argues that the trial court erred by ruling on Midland's motion for summary judgment without first providing notice of a hearing date or filing deadlines for responses. This Court agrees.
 {¶ 7} The Ohio Supreme Court has stated:
 "One of the overriding goals of Civ. R. 56 is fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought. Civ. R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard." (Internal citations omitted.) Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8, 2003-Ohio-4829, at ¶ 34.
 {¶ 8} Civ. R. 56(C) provides, in relevant part, that the motion for summary judgment "shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits." The Hooten court stated:
 "Although we acknowledge that Civ. R. 56(C) anticipates a cutoff date for a response to a motion for summary judgment, we determine that the rule is not sufficiently explicit to apprise the parties of that date. Notice must come from some other source or sources." Id. at ¶ 22.
The high court concluded that a trial court may provide the requisite notice in one of three ways: by setting an explicit hearing date for the summary judgment motion, by setting explicit cutoff *Page 3 
dates for the filing of briefs and Civ. R. 56 materials, or by local rule of court which itself "provides sufficient notice of the hearing date or submission deadlines." Id. at ¶ 29 and ¶ 33.
 {¶ 9} The Akron Municipal Court Rules of Practice ("AMCR") include one rule regarding motion practice, specifically AMCR No. 15, which states:
 "Motions made during a hearing or trial may be made orally or in writing. All other motions shall be made in writing, unless waived by the judge.
 "Motions for a definite statement pursuant to Civ. R. 12(E) and motions to strike pursuant to Civ. R. 12(F) shall set forth the language sought to be stricken or claimed to be indefinite.
 "Motions will not be set for hearing except as the Court, in its discretions, [sic] orders. A party desiring a hearing should request one. When a motion is set for hearing, the Court shall notify the parties to the action of the date and time of the hearing.
 "The Court, in its discretion, may extend the time for filing and answering motions, unless prohibited by statute or the civil and criminal rules.
 "To the extent that this rule may conflict with AMCR. No. 14 or 17, the latter rules shall prevail."
 {¶ 10} The Ohio Supreme Court stated that only local rules which "compliment Civ. R. 56's basic structure [rather than] contradict it[,]" have been found to be sufficient. Hooten at ¶ 29.
 {¶ 11} The Hooten court further explained:
 "A trial court's better practice is to schedule an explicit cutoff date for submission of materials on the motion for summary judgment and to set a date for any hearing. However, if a local rule provides notice of either of these dates, the trial court's scheduling of such dates is not an implicit requirement of Civ. R. 56." Id. at ¶ 35.
 {¶ 12} In this case, it is apparent that AMCR No. 15 neither provides notice of a cutoff date for the submission of Civ. R. 56 materials, nor sets a date for the hearing on a motion for summary judgment. Therefore, to provide adequate notice in furtherance of Civ. R. 56's overriding goal of fundamental fairness, the trial court in this case must have either set an *Page 4 
explicit hearing date for the motion for summary judgment or set explicit cutoff dates for the submission of all Civ. R. 56 materials. Here, it did neither. The trial court merely set a deadline for the filing of dispositive motions without setting any response and reply deadlines. Therefore, the trial court did not accord Starks the procedural fundamental fairness required by Civ. R. 56. Under these circumstances, Starks had no notice when Midland's motion for summary judgment would be ripe for determination. Accordingly, the judgment must be reversed and remanded to the trial court for consideration of Midland's motion for summary judgment and Starks' brief in opposition to the motion. Starks' first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT FOR THE PLAINTIFF WHERE ITS DECISION ON THE ISSUES OF BOTH LIABILITY AND AMOUNT DUE FAILED TO MEET THE EVIDENTIARY REQUIREMENTS OF [CIV.R] 56."
 {¶ 13} Starks argues that the trial court erred in granting summary judgment in favor of Midland because Midland failed to meet its Civ. R. 56 evidentiary burden. Because our discussion regarding resolution of Starks' first assignment of error is dispositive of this appeal, the second assignment of error is moot and this Court declines to address it.
 III. {¶ 14} Starks' first assignment of error is sustained. This Court declines to address the second assignment of error. See App. R. 12(A)(1)(c). The judgment of the Akron Municipal Court, which granted summary judgment in favor of Midland Funding, LLC, is reversed and the cause is remanded for further proceedings consistent with this decision.
 Judgment reversed, and cause remanded. *Page 5 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 MOORE, J. WHITMORE, J. CONCUR *Page 1