[Cite as *Headley v. Marincek*, 2015-Ohio-4470.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
                       )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT       )

ROBERT J. HEADLEY                  C.A. No.        27265

    Appellant

    v.                             APPEAL FROM JUDGMENT
                                   ENTERED IN THE
SCOTT MARINCEK, et al.             COURT OF COMMON PLEAS
                                   COUNTY OF SUMMIT, OHIO
    Appellees                      CASE No.    CV 2012 10 5970

DECISION AND JOURNAL ENTRY

Dated: October 28, 2015

CARR, Presiding Judge.

{¶1}   Appellant, Robert Headley, appeals an order of the Summit County Court of Common Pleas that granted judgment notwithstanding the verdict in favor of appellees, Scott Marincek and Solv-All, Inc.  This Court reverses and remands.

I.

{¶2}   Robert Headley sued Scott Marincek and Solv-All, Inc. for damages related to a demonstration flight of an airplane in anticipation of a sale that was never consummated.  Mr. Headley alleged causes of action for breach of an oral contract and fraud.  After trial, a jury awarded $10,280.50 to Mr. Headley on his breach of contract claim and awarded another $5,000 to him as actual damages on his fraud claim.  The jury also awarded punitive damages on the fraud claim in the amount of $17,500.  Once the verdicts were read, the trial court excused the jury and expressed concern on the record that application of the economic loss rule prevented judgment from being entered consistent with the verdicts.  The trial court ordered the parties to

file post-trial briefs addressing application of the economic loss rule by January 27, 2014, and assured the parties that "there [would] be ample opportunities to sort through the issues, get it completely clarified and properly determined" through post-judgment motion practice once judgment was entered.

{¶3} On January 27, 2014, Mr. Headley filed a post-trial brief as ordered by the trial court. On January 29, 2014, Mr. Marincek filed his brief, but combined it with a motion for directed verdict. The next day, the trial court journalized an order that construed Mr. Marincek's filing as a motion for judgment notwithstanding the verdict, granted the motion, and entered judgment in favor of Mr. Headley on only the breach of contract claim, thus reducing the verdict to $10,280.50. Mr. Headley filed a motion for a new trial, but filed this appeal before the trial court could rule on the motion, which remains pending. Mr. Marincek and Solv-All also appealed the judgment, but this Court dismissed the cross-appeal. Consequently, Mr. Marincek's cross-appeal is not yet before this Court. *See* App.R. 4(B)(2).

{¶4} Mr. Headley has raised four assignments of error. Because his fourth is dispositive of this appeal, we address it first.

II.

### **ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED BY ENTERING A JUDGMENT NOTWITHSTANDING THE VERDICT ON COUNT TWO.

{¶5} Mr. Headley's fourth assignment of error is that under the terms of Civ.R. 50(B), the trial court erred by sua sponte converting Mr. Marincek's post-trial motion for a directed verdict into a motion for judgment notwithstanding the verdict and granting the motion. This Court agrees.

{¶6} Civ.R. 50 describes motions for a directed verdict and motions for judgment notwithstanding the verdict. Under Civ.R. 50(A), a motion for directed verdict is a trial motion that may be made "on the opening statement of the opponent, at the close of the opponent's evidence or at the close of all the evidence." In contrast, a motion for judgment notwithstanding the verdict must be made and served upon the opposing party "not later than twenty-eight days after entry of judgment." Civ.R. 50(B). Civ.R. 50(B) contemplates that a party that opposes a motion for judgment notwithstanding the verdict will have notice of the motion and an opportunity to respond, providing that "arguments in response to the motion shall be served within fourteen days after service of the motion, and a movant's reply may be served within seven days after service of the response to the motion." *See also* Loc.R. 7.14(A) of the Summit County Court of Common Pleas, General Division (permitting a response to any motion within ten days and allowing a ruling "[a]t any time after fourteen (14) days[.]" Civ.R. 50(B), therefore, recognizes the import of a motion for judgment notwithstanding a verdict by requiring time for the opposing party to respond. *Compare Midland Funding, L.L.C. v. Starks*, 9th Dist. Summit No. 23966, 2008-Ohio-2963 (acknowledging the importance of clarity with respect to notice and opportunity to respond to dispositive motions before they are ripe for decision.)

{¶7} In this case, the trial court converted Mr. Marincek's motion for a directed verdict into a motion for judgment notwithstanding the verdict, granted it, entered a judgment substantively different from the jury's verdicts, and reduced the award of damages by two-thirds within 24 hours of when the motion was filed. In this respect, Mr. Headley's argument that the trial court erred by sua sponte converting Mr. Marincek's motion is well-taken. Assuming that the trial court could convert a motion for directed verdict to a motion for judgment

notwithstanding the verdict generally, it could not do so without affording the opposing party the time provided by Civ.R. 50(B) for notice and an opportunity to respond.

{¶8} Mr. Headley's fourth assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY APPLYING THE ECONOMIC LOSS RULE TO AN INTENTIONAL TORT.

## ASSIGNMENT OF ERROR II

THE JURY'S VERDICT IS NOT A "DOUBLE RECOVERY" FOR PLAINTIFF'S CLAIMS AS HE PLEAD, AND PROVED, A SEPARATE TORT.

## ASSIGNMENT OF ERROR III

EVEN IF THE ECONOMIC DAMAGE RULE APPLIES, [MR.] HEADLEY IS ENTITLED TO ATTORNEY FEES.

{¶9} Mr. Headley's first, second, and third assignments of error challenge various aspects of the merits of the trial court's decision. Because this Court has sustained his fourth assignment of error, however, these assignments of error are premature.

III.

{¶10} Mr. Headley's fourth assignment of error is sustained. His first, second, and third assignments of error are premature. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR

APPEARANCES:

ANDREA L. WHITAKER and WILLIAM T. WHITAKER, Attorneys at Law, for Appellant.

JOHN R. CHRISTIE, Attorney at Law, for Appellees.